**Dorothy G. PARR and Frank Parr; Cindy Mazurkiewicz and David Mazurkiewicz, Appellants**

v.

**Michelle A. ROMAN, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 9, 2003.

Filed April 14, 2003.

---

9. The representation of an attorney as to the facts to which he or she believes a witness will testify is not evidence.

Ronald S. Pollack, Philadelphia, for appellants.

Peter M. Hileman, Doylestown, for appellee.

Before: KLEIN, BENDER and CAVANAUGH, JJ.

KLEIN, J.

¶ 1 Plaintiffs appeal from the Order granting Defendant's Motion for Judgment on the Pleadings. We reverse.

¶ 2 Plaintiffs (collectively referred to as the "Parrs") filed a summons one day before the statute of limitations expired on a personal injury action for damages sustained in a rear-end automobile collision, allegedly caused by Defendant, Michelle Roman. The docket entries contained in the official record reflect several unsuccessful attempts made to effectuate service on the defendant. The writ had lapsed twice, and was subsequently renewed, before service was achieved on March 20, 2001, more than five months after the initial writ was secured. Roman filed a motion for judgment on the pleadings setting forth certain facts and alleging the action was time-barred under the Supreme Court decision in *Witherspoon v. City of Philadelphia*, 564 Pa. 388, 768 A.2d 1079 (2001) (plurality). Without considering the disputed testimony that the Parrs had acted in good faith to attempt to locate defendant Roman, the trial court granted the judgment on the pleadings based on the language of the lead opinion in *Witherspoon*. What has been considered the lead opinion said that the process must be immediately and continually reissued until service is made. In this case, the Parrs did not have the process reissued until it had a good address for Roman. While that would run afoul of what two of the justices said in the lead opinion in *Witherspoon*, a careful reading of that opinion shows that this position was rejected by five of the seven justices, three that concurred and two that dissented. The language of the lead opinion is dicta in any event. In addition to not continually renewing the writ, in *Witherspoon* there was considerable other evidence that Plaintiff did not act promptly to locate the defendant so that service could be made. For these reasons, *Witherspoon* cannot be held to change long-standing Pennsylvania law that all that is required is a good faith effort to effectuate service.

¶ 3 Since the trial judge did not hold a hearing to consider the Parrs' claim that they acted with due diligence, we must remand for such a hearing. A full discussion follows.

¶ 4 In the brief in support of the motion, Roman argued that the Parrs had not acted in good faith in attempting service, and The Parrs responded by asserting that they acted in good faith to ascertain the whereabouts of Roman. Roman had moved since the time of the accident. The Parrs noted that while the initial address given to the process server was in the wrong town (Bensalem instead of Morrisville), that did not delay matters since Roman had moved from that address before the summons was filed.

¶ 5 As noted, the trial court dismissed the matter on the pleadings without depositions or any other evidence, relying on *Witherspoon* and the language in *Heritage Surveyors & Engineers, Inc. v. National Penn Bank*, 801 A.2d 1248 (Pa.Super.2002), where this Court stated:

> We must accept as true all well pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits. We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Id.* at 1250.

¶ 6 Two Justices in *Witherspoon* reviewed prior case law on this issue and affirmed the trial court and Commonwealth Court decision that, under the facts presented, the filing of the writ of summons did not toll the statute of limitations. In *Witherspoon*, nine months passed and neither counsel nor the process server hired by counsel took steps to ascertain whether or not the writ was served. The return of service was barely legible, and neither plaintiff's counsel nor his process server bothered to confirm service, despite the fact that the City Solicitor said he had no record of the City being served.

¶ 7 In granting judgment on the pleadings in this case, the trial court erroneously relied on *Witherspoon* for the proposition that a plaintiff must "immediately and continually" reinstate a writ of summons or complaint after the statute of limitations has expired in order to achieve good service. According to the two justices that actually are in the minority on this point, allowing a writ to expire will, in effect, bring the statute of limitations into account, thereby barring the suit. The trial court failed to recognize that "immediately and continually" standard proposed in *Witherspoon* was, in fact, rejected by the majority of the Supreme Court.

¶ 8 It is true that the lead opinion in *Witherspoon* purported to change Pennsylvania law from merely a "good faith effort" to serve defendants to a new standard which would require that "the process must be immediately and continually reissued until service is made" to toll the applicable period of limitations. However, the language in that opinion purporting to make a drastic change in Pennsylvania law was only supported by the author, former Chief Justice Zappala, and former Chief Justice Flaherty.

¶ 9 The concurring opinion authored by Justice Saylor and joined by Justices Castille and Nigro, and the dissent authored by Justice Newman in which now Chief Justice Cappy joined, all reject the "immediate and continual reissue" language. Therefore, the law remains that plaintiffs need only make a good faith effort to serve defendants, which must be determined by the court using its sound discretion on a case-by-case basis. *Fari-*

*nacci v. Beaver County Indus. Dev. Auth.*, 510 Pa. 589, 511 A.2d 757, 759 (1986).

¶ 10 In reality, *Witherspoon* only stands for the principle that in some circumstances, it is so clear that a plaintiff did not exercise good faith to see that a writ was served that there is no need to hold a hearing, and judgment on the pleadings is appropriate.

¶ 11 That is not the case here. The Parrs claim that they exercised good faith and the only reason the Roman was not served more promptly is that she had moved and it was difficult to ascertain her address. The Parrs maintained that they never let a month go by without taking significant steps to locate the Roman, and the typographical mistake made in the address in the first effort to make service did not delay matters because the Defendant was not living at that address at that time in any event.

¶ 12 Roman claims that much of what the Parrs allege is not part of the record. While this is certainly is true, it merely highlights the trial court's error in entering judgment on the pleadings without giving the Parrs the opportunity to show that they attempted in good faith to serve process on Roman. Parrs' claims, if believed, would give a fact finder enough evidence to find that the Parrs refrained "from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion," *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882, 889 (1976), or as interpreted in *Farinacci*, 511 A.2d at 759, that Parr made a good-faith effort to notify Roman of the lawsuit.

¶ 13 The dissent also claims that we are relying on documents not in the record. That misunderstands our position. We are stating that the error committed was in not holding a hearing to develop the factual record, therefore there are no documents upon which either party may rely.

To ascertain what efforts plaintiff made to locate the defendant and serve the complaint, and whether these efforts were made in good faith requires a hearing.

¶ 14 Perhaps prior to 1994 the general denial to the claims of a statute of limitations violation might have been dispositive, since at that time a general denial was deemed an admission. However, as noted in the answer to new matter, the Parrs availed themselves of Pa.R.C.P. 1029(e), which states:

> (e) In an action seeking monetary relief for bodily injury, death or property damage, averments in a pleading to which a responsive pleading is required may be denied generally [with exceptions not applicable here].

While the dissent comments that "Clearly, if appellants desired to submit evidence to the court, they could and should have done so." That is what they were prevented from doing when the trial court denied them a hearing. Appellants followed the applicable rule of procedure to put the matter at issue and we will not punish them for doing so.

¶ 15 Therefore, the trial court erred in granting the judgment on the pleadings where the new matter averments were properly denied, the issue was still in question, and without holding a hearing to consider whether the Parrs were acting in good faith in their attempts to achieve service or whether they were seeking to "stall in its tracks the legal machinery [they have] just set in motion." *Lamp*, 366 A.2d at 889.

¶ 16 Judgment on the pleadings in the case was premature and precluded the Parrs from having their day in court. By not giving the Parrs the opportunity to fully explain what efforts they made to effectuate service and why this constitutes good faith, the trial court prevented them

from establishing a factual basis upon which the court could exercise its discretion. The trial court, in its opinion, cites five reasons why it believes Appellants failed to demonstrate good faith: 1) waiting until the day before the statute ran to file the writ; 2) providing an erroneous address for the first attempt at service; 3) allowing the writ to expire and waiting over two months to reinstate the writ; 4) providing an address for Defendant, after a two month "detailed" investigation, from which the Defendant had moved by the time service was attempted; and 5) allowing the writ to expire again before service was achieved. (Opinion at 7–8.)

¶ 17 The trial court points out that good faith efforts to locate a party include inquires of postal authorities; inquiries of relatives, neighbors, friends, relatives or employers; examinations of phone books, motor vehicle records etc. In their brief in opposition to the motion for judgment on the pleadings, However, the Parrs claim that they attempted such measures, including: postal search, voters' registration search, internet search, phone book search, and hiring two private detectives. The trial court makes no mention of these alleged attempts.

¶ 18 Further, three of the reasons cited are not actual factors. It is true that the Parrs waited until the eve of the statute to file the writ, yet that is still allowable (although, given what has transpired, not particularly preferable). The writ was allowed to expire twice, yet that is only a dispositive factor if the courts had adopted the "immediate and continual" standard. What remains of the reasons is an alleged typographical error and the fact that Roman moved. In denying a hearing on the motion or in failing to order discovery on the issue, the trial court did not allow the Parrs the opportunity to fully flesh out these attempts. As such, neither the trial

court nor this court has an appropriate record by which to gauge the Parrs' efforts. We cannot state that the five reasons cited alone are sufficient, as a matter of law, to support a grant of a motion for judgment on the pleadings. Thus, we believe that the trial court abused its discretion in granting the motion. *Heritage, supra.*

¶ 19 It is far from certain that when a Defendant moves, it does not take time to track down his or her new address. That is a factual question that requires a detailed case-by-case analysis. Likewise, while a typographical mistake may defeat a claim of "good faith," it also may not, particularly where the mistake may not have contributed to any delay.

¶ 20 We note that the trial court in this case and Chief Justice Zappala in *Witherspoon* both note that the Plaintiffs filed their writ at the very last moment before the statute of limitations expired. We do not mean to differ from that observation that waiting until the statute of limitations is about to expire is a terrible practice and invites legal malpractice actions. Such a practice leaves the attorney no room for error, if, for example, the wrong defendant is served, such as a father car-owner instead of the son-operator. In these days of computer technology, there is no excuse for not calendaring the filing of a complaint or writ a couple of months prior to the expiration of the statute rather than at the last possible moment.

¶ 21 However, the law still permits this and allows service so long as it is made within the time period allotted or even longer if the plaintiff acts in good faith to try and locate and serve the defendant.

¶ 22 In this case, the trial court should have allowed the Parrs the opportunity to establish that good faith. From what has been alleged, that would not necessarily have been a fruitless exercise.

¶ 23 Order reversed. Case remanded for further proceedings consistent with this Opinion. Jurisdiction relinquished.

¶ 24 CAVANAUGH, J., files a Dissenting Opinion.

DISSENTING OPINION BY CAVANAUGH, J.

¶ 1 I respectfully dissent. The majority improperly relies on documentation and arguments not properly of record in reaching its conclusion and wrongly places on the trial court the burden of holding a hearing or giving appellants their day in court or an "opportunity to explain". Clearly, if appellants desired to submit evidence to the court, they could and should have done so. Appellants have waived their arguments by failure to timely pursue them. I would affirm the order of the trial court.