## Salomoni v. Phillips

C.P. of Lehigh County, no. 2001-C-1669.

*Michael P. Gough,* for plaintiff.
*Paul G. Lees,* for defendants.

BLACK, *J.,* June 9, 2003—This case comes before the court on the defendants' motion for summary judgment, alleging that the plaintiff's cause of action is time-barred. Because the plaintiff did not make any effort to serve the initial writ of summons in a timely manner, the writ expired and the praecipe for issuance of the writ did not toll the statute of limitations. Hence, the plaintiff's claim is time-barred as a matter of law, and the defendants' motion for summary judgment must be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff's complaint seeks monetary damages for personal injuries sustained on June 21, 1999, allegedly as a result of the defendants' negligence. The plaintiff initiated this action by filing a praecipe for writ of summons on June 20, 2001. However, although the Lehigh County Clerk of Courts, Civil Division, issued a writ of summons the same day, the plaintiff's counsel never arranged for this writ to be delivered to the Lehigh County Sheriff's Office for service on the defendants. As a result, the writ expired on July 20, 2001, without having been served.

On October 17, 2001, almost four months later, the plaintiff filed a praecipe to reissue the writ of summons. This time the plaintiff's counsel promptly delivered the reissued writ to the sheriff's office for service. However, the check from plaintiff's counsel to the sheriff for the service fee was for too high an amount, causing the sheriff to return both the check and writ to plaintiff's coun-

sel. The reissued writ then also expired without service having been made.

On November 20, 2001, the plaintiff again filed a praecipe to reissue the writ of summons and delivered the reissued writ, this time with the correct service fee, to the sheriff's office for service. The sheriff served the defendants with this reissued writ on December 3, 2001, more than five months after the plaintiff had filed his original praecipe for writ of summons.

The plaintiff's complaint was filed on February 22, 2002. Following a status conference the case was stricken for arbitration by our order of July 11, 2002. After several extensions, the defendants answered the complaint on January 13, 2003, raising as new matter the affirmative defense of the statute of limitations.

On April 7, 2003, the defendants filed the motion for summary judgment currently at issue. Before this motion could be acted on, the case proceeded to arbitration on April 16, 2003. The arbitrators found in favor of the defendants, and plaintiff has appealed their decision. Hence, the case now comes before the court for disposition of the defendants' motion for summary judgment.

## DISCUSSION

The standard for reviewing a summary judgment motion is well established.

"Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. . . . The reviewing court must view the record in the light most favorable to the nonmoving party, resolving all doubts as

184

to the existence of a genuine issue of material fact against the moving party." *Basile v. H & R Block Inc.,* 563 Pa. 359, 365, 761 A.2d 1115, 1118 (2000). (citations omitted)

In responding to a motion for summary judgment the non-moving party cannot rest on the allegations of his or her pleading, but must produce sufficient evidence by way of affidavits, answers to interrogatories, depositions, or admissions in pleadings or discovery to create a genuine issue of fact on those issues on which the non-moving party has the burden of proof at trial. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 674 A.2d 1038 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed. 2d 401 (1996).

In this case, suit was commenced by the filing of a praecipe for writ of summons on June 20, 2001, one day before the applicable two-year statute of limitations for personal injury claims was to expire.[1] The clerk issued the writ of summons the same day, but plaintiff's counsel did not make any effort to deliver this writ to the sheriff for service on the defendants. Thirty days after issuance of the writ, it expired for lack of service.[2] Since the plaintiff did not make a good faith effort to serve the writ within the required 30-day period, the praecipe for issuance of the writ did not toll the statute of limitations. *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976). Consequently, the limitations period expired on June 21, 2001, and the plaintiff's complaint is time-barred.

The Pennsylvania Rules of Civil Procedure are clear that a writ of summons must be served on a Pennsylvania defendant within 30 days after its issuance or the writ will expire. Thus, Pa.R.C.P. 401(a) provides: "Origi-

1. 42 Pa.C.S. §5524.
2. Pa.R.C.P. 401(a).

nal process shall be served within the Commonwealth within 30 days after the issuance of the writ or the filing of the complaint." Furthermore, unless the plaintiff has made a good faith effort to serve the writ before it expires, the praecipe for the writ will not be effective to toll the statute of limitations. *Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 511 A.2d 757 (1986); *Lamp v. Heyman, supra.*

In the instant case the plaintiff admits that he took no action whatsoever to serve the original writ of summons prior to its expiration. He made no effort to serve the defendants until the writ of summons was reissued on October 17, 2001; and he allowed this reissued writ to expire 30 days later for his failure to deposit the correct service fee with the sheriff. It was not until November 20, 2001, when the writ was reissued a second time, that the plaintiff finally delivered the reissued writ to the sheriff's office with the correct deposit.

The plaintiff argues that this delay was justified because he was awaiting the receipt of medical records so that he could pursue an amicable settlement of the claim with the defendants' insurance carrier, AIG Insurance Co., thus obviating the need for litigation. This argument is without merit. Although we certainly encourage the settlement of disputes, a plaintiff cannot ignore the statute of limitations, without the defendant's consent, on the theory that he wants more time to pursue an amicable settlement.

If the plaintiff had made a good faith effort to serve the original writ before it expired, then the original praecipe filed on June 20, 2001, would have sufficed to toll the statute of limitations. According to the Superior

Court, it is not necessary that a plaintiff continually reissue the writ before each expiration. *Parr v. Roman,* 822 A.2d 78 (Pa. Super. 2003).[3] However, a plaintiff must make a good faith effort to serve the defendant. Whether the actions of a plaintiff constitute a good faith effort is to be determined by the trial court on a case-by-case basis. *Farinacci, supra* at 594, 511 A.2d at 759.

In *Parr, supra,* the plaintiff alleged that service had not been made more promptly because the defendant had moved, and he had difficulty ascertaining the defendant's new address. The court denied the defendant's motion for judgment on the pleadings and directed the lower court to hold an evidentiary hearing on the factual issue of whether the plaintiff had made a good faith attempt to locate and serve the defendant.

In the present case, no evidentiary hearing is required. We are presented with a motion for summary judgment, rather than a motion for judgment on the pleadings. Accordingly, we have the benefit of a factual record from which we can ascertain whether the plaintiff made a good faith effort to serve the defendants. We find that he did not. It is clear from the record that the plaintiff was well aware of the defendants' address because he included it on his initial praecipe for issuance of a writ of summons filed on June 20, 2001.[4] Additionally, the plaintiff con-

---

3. The Superior Court has rejected the statement in the lead opinion in the Supreme Court decision in *Witherspoon v. City of Philadelphia,* 564 Pa. 388, 768 A.2d 1079 (2001), that original process must be "immediately and continually" reissued or reinstated until service is made in order to toll the statute of limitations. The Superior Court noted in *Parr* that this was only a plurality opinion without support from a majority of the justices. Hence the statement is non-binding dicta.

4. Defendants' motion for summary judgment, exhibit "A" at 1.

ceded at oral argument that neither the defendants nor their insurance carrier made any statements to him that caused him to delay service of the writ. In response to the summary judgment motion, the plaintiff has advanced no satisfactory justification for failing to serve the defendants within the 30-day period set forth in Pa.R.C.P. 401(a). Therefore, the praecipe for writ of summons filed on June 20, 2001, did not toll the statute of limitations.

The plaintiff contends that the defendants were not prejudiced by the late service because he informed their insurance carrier by letter dated June 20, 2001, that a praecipe for writ of summons had been filed that day.[5] The defendants have provided the affidavit of Mark D. Smith, the adjuster at AIG Insurance Co. assigned to the plaintiff's claim, who states that neither he nor any employee of AIG Insurance Co. received any such letter from the plaintiff's counsel. Whether or not a representative of the defendants' insurance carrier received notice of the lawsuit is irrelevant, because notice to a defendant's insurance carrier does not toll the statute of limitations. The named defendants, not their insurance carrier, are the parties to this lawsuit. As the Pennsylvania Superior Court recently held in a similar case:

"Appellant argues, though, that the appellees' insurance carrier had notice of an 'impending lawsuit' two weeks prior to the running of the statute of limitations. . . . Accepting the truth of this allegation for the purposes of our review, it nonetheless does not excuse appellant's failure even to attempt to effectuate actual service of the

---

5. Brief in support of answer by defendant to motion for summary judgment, Letter dated June 20, 2001, from Michael P. Gough, Esq. to Kim Hardy, Claim Representative for AIG Claim Services Inc., exhibit "B."

actual writ on the appellees. It was the appellees who were being sued not their insurance company." *Moses v. T.N.T. Red Star Express,* 725 A.2d 792, 798 (Pa. Super. 1999).

Therefore, even assuming that the letter from the plaintiff's counsel reached the defendants' insurance carrier, this act alone would not have tolled the statute of limitations in this case. Notice of a claim or suit is not a substitute for the timely filing and service of original process.

## CONCLUSION

For all of the foregoing reasons, the defendants' motion for summary judgment is granted.

## ORDER

Now, June 9, 2003, upon consideration of the motion of defendants, Christopher Carl Phillips and Susan D. Phillips, for summary judgment and plaintiff's response thereto, after review of the parties' briefs and oral argument, and for the reasons set forth in the accompanying opinion, it is ordered that said defendants' motion is granted. Judgment is hereby entered in favor of said defendants against plaintiff.