**Tremback v. Morcom**

C.P. of Lackawanna County, no. 2002 CV 3180.

*Michael Cosgrove,* for plaintiffs.
*Joseph A. Murphy,* for defendant Morcom.
*Edward S. Neyhart,* for defendant Dempsey.

MINORA, *J.,* September 22, 2003—

## I. INTRODUCTION

Currently before the court is the final disposition of defendant, Randi Scott Morcom's preliminary objections to plaintiffs' complaint.

The underlying case involves personal injuries allegedly suffered by the plaintiff, Barbara Gail Tremback, on June 7, 2000, in an automobile accident allegedly caused by the above-captioned defendants.

The defendant Morcom filed preliminary objections to plaintiffs' complaint on January 21, 2003, based on two contentions:

(1) The defendant Morcom is entitled to a demurrer as to counts against him since the plaintiffs failed to properly reissue and serve original process upon the defendant Morcom within the dictates of *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976), and its progeny, particularly *Witherspoon v. City of Philadelphia,* 564 Pa. 388, 768 A.2d 1079 (2001).

(2) The defendant Morcom is entitled to a demurrer as to plaintiff, Mark Tremback's, consortium claim since the co-plaintiffs were not married to each other on the day of the accident (June 7, 2000) as the complaint clearly indicates they were married on August 14, 2000. The defendant Morcom claims it is clear under Pennsylvania law that there is no right of consortium where the parties are married after an injury occurs. See *Cleveland v. Johns-Manville Corp.,* 547 Pa. 402, 690 A.2d 1146 (1997).

On May 6, 2003, the undersigned issued a preliminary order which stated, inter alia, that:

"[I]n light of *Parr v. Roman,* 2003 Pa. Super. 146 (April 14, 2003),[1] that the plaintiff, Barbara Gail Tremback, shall have until May 16, 2003, to submit an affidavit documenting her efforts which resulted in the service of writ of summons upon the defendant, Randi Scott

---

1. We note that the full and proper citation of *Parr v. Roman* is 2003 Pa. Super. 149, 822 A.2d 78 (2003). The PICS version of the decision attached as exhibit "A" to plaintiffs' brief filed May 6, 2003, erroneously identifies the case as 2003 Pa. Super. 146.

Morcom, in order for the court to determine whether said efforts were in good faith; and the defendant, Randi Scott Morcom, shall have until May 30, 2003, to file any response to said affidavit.

"Further, it is hereby Ordered that the loss of consortium of the plaintiff, Mark Tremback, is waived by agreement of the parties since the plaintiffs were not married on the date of the accident."

On May 16, 2003, the plaintiff, Barbara Gail Tremback, through her attorney, Michael F. Cosgrove, Esquire, did indeed file an affidavit detailing her efforts at effectuating service of original process within the dictates of *Lamp v. Heyman, supra,* and its progeny. The defendant Morcom chose not to file a response to said affidavit.

As we indicated above, the consortium claims have been withdrawn so the only issue before us is the *Lamp v. Heyman* issue as set forth above.

The parties have previously briefed and argued this matter and upon proper supplementation of the record with plaintiffs' affidavit of counsel filed on May 16, 2003, we now consider the issue of the effectuation of service of original process ripe for disposition.

## II. ISSUE

(A) Did the plaintiff, Barbara Gail Tremback, properly effectuate service of original process within the dictates of *Lamp v. Heyman, supra,* and its progeny sufficient to preserve the two-year statute of limitations applicable to personal injury auto accident cases?

## III. DISCUSSION

Defendant Morcom characterizes his preliminary objection as a demurrer to plaintiffs' complaint which would be under Pa.R.C.P. 1028(a)(4) challenging the legal sufficiency of the complaint.

However, the preliminary objections should more likely be characterized as a challenge to improper service of a writ of summons under Pa.R.C.P. 1028(a)(1) and we will treat it as such.

Since the accident occurred on June 7, 2000, and an original writ of summons was filed on June 7, 2002, the effectuation of proper service of original process is critical since it would preserve the two-year statute of limitations which govern personal injury automobile accidents such as the one before us. See 42 Pa.C.S. §5524(2); *Tohan v. Owens-Corning Fiberglas Corp.,* 696 A.2d 1195 (Pa. Super. 1997), *re-argument denied, appeal denied,* 553 Pa. 695, 718 A.2d 786 (1998).

Recently, our appellate courts in *Parr v. Roman,* 822 A.2d 78 (Pa. Super. 2003), revisited the latest in the *Lamp v. Heyman* saga.

The *Parr* court refused to acknowledge that the often-used harsh guidelines of *Witherspoon v. City of Philadelphia,* 564 Pa. 388, 768 A.2d 1079 (2001), which require that original process must be immediately and continually reissued until service is made was ever the law in Pennsylvania as it was dicta rendered in a plurality decision.

The *Parr* court indicates that the law remains that plaintiffs need only make a "good faith" effort to serve defen-

dants, which must be determined by the court *using its sound discretion on a case-by-case basis. Parr v. Roman,* 822 A.2d 78, 81 (Pa. Super. 2003); *Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 594, 511 A.2d 757, 759 (1986). (emphasis added) See also, *Sheets v. Liberty Homes Inc.,* 823 A.2d 1016, 1019 (Pa. Super 2003), and *Ramsay v. Pierre,* 822 A.2d 85 (Pa. Super. 2003).

In the case at hand, the original praecipe to issue a writ of summons was filed and given to the sheriff on June 7, 2002. A return of service of "not found" as to defendant Morcom was filed on August 5, 2002. A praecipe to reissue a writ of summons was filed on November 12, 2002, and defendant Morcom was served on November 20, 2002 (see sheriff's return of service filed December 13, 2002).

In addition to those facts, plaintiffs' affidavit of May 16, 2002, indicates that a phone book search, postal search and monthly internet search finally revealed a viable address in November of 2002 (via the AT&T site "Any Who").

When plaintiffs' counsel secured the proper address, counsel immediately took steps to reinstate the writ of summons and serve same.

We find that this meets the "good faith" standards originally set forth in *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976), as the plaintiff did act as diligently as possible and refrained from a course of conduct which served to stall in its tracks the legal machinery she had just set in motion. See *Lamp v. Heyman,* 469 Pa. 465, 478, 366 A.2d 882, 889 (1976); *Farinacci v. Beaver County In-*

*dustrial Development Authority,* 510 Pa. 589, 594, 511 A.2d 757, 759 (1986).

While we will dismiss and deny defendant Morcom's preliminary objections based on alleged improper service of the writ of summons, we caution all counsel to avoid against waiting until the last day, if at all possible, to toll the statute of limitations. See *Parr v. Roman,* 822 A.2d 78, 82 (Pa. Super. 2003).

An appropriate order will follow.

## ORDER

And now to wit, September 22, 2003, upon due consideration of defendant, Randi Scott Morcom's preliminary objections based on the alleged improper service of the writ of summons directed to him and the thoughtful written and verbal arguments of counsel and in accordance with the foregoing memorandum, said preliminary objections are overruled, dismissed and denied.

Further, defendant, Randi Scott Morcom, is directed to file an answer to plaintiffs' complaint within 20 days of the date of this order.