**Mary Lou SARDO and Robert Sardo, Her Husband, Appellants,**

**v.**

**Christine SMITH, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 18, 2003.
Filed May 18, 2004.

Bernard C. Caputo, Pittsburgh, for appellants.

Timothy J. Durdette, Pittsburgh, for appellee.

BEFORE: STEVENS, ORIE MELVIN, and CAVANAUGH, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Allegheny County granting Appellee's preliminary objections and striking the complaint filed against Appellee on the basis of *Witherspoon v. City of Philadelphia*, 564 Pa. 388, 768 A.2d 1079 (2001) (Zappala, J., plurality). On appeal, Appellants contend (1) the trial court erred in concluding that *Witherspoon* is binding authority in the case *sub judice*, (2) to the extent this Court held in *Parr v. Roman*, 822 A.2d 78 (Pa.Super.2003), that *Witherspoon* does not require a hearing where there is no evidence of good faith, such is inapplicable to the case *sub* judice, and (3) the trial court erred in granting Appellee's preliminary objections without holding a hearing as Appellants set forth sufficient facts to establish good faith. We reverse and remand for further proceedings.

■ ¶ 2 The relevant facts and procedural history are as follows: On July 8, 2002, Appellants filed a praecipe for writ of summons against Appellee, and Appellants attempted to effectuate service. The sheriff's return, which was docketed on August 29, 2002, indicates that Appellee had moved and that such information was provided to the sheriff by Appellee's ex-boyfriend. On January 7, 2003, Appellants filed a complaint against Appellee alleging negligence in connection with a motor vehicle accident, which occurred on September 25, 2000. The docket does not reveal that the complaint was served on Appellee. On February 14, 2003, citing *Witherspoon*, Appellee filed preliminary objections alleging that the statute of limitations had expired[1] and that Appellants' writ of summons did not toll the statute of limitations since it had not been properly served upon Appellee and was not continuously reissued.[2] Appellants filed an answer to Appellee's preliminary objections, arguing that they acted in good faith in attempting to locate Appellee. On February 24, 2003, Appellants filed a praecipe to reissue the writ of summons. On March 12, 2003, the trial court entered the following order:

AND NOW, this 12th day of March, 2003, it is hereby ORDERED that the preliminary objections of defendant Christine Smith are granted. The action filed against her is stricken as being contrary to the rules of this Court and the principles of law set forth in *Witherspoon v. City of Philadelphia*, 564 Pa. 388, 768 A.2d 1079 (2001).

¶ 3 This timely appeal by Appellants

---

1. Appellants do not dispute that the statute of limitations for a personal injury action is two years or that Appellee was not properly served within two years of the automobile accident. 42 Pa.C.S.A. § 5524. It is well settled in this jurisdiction that "[t]he tolling for the statute of limitations occurs when there is proper, prompt service of a timely filed writ of summons." *Sheets v. Liberty Homes, Inc.*, 823 A.2d 1016, 1018 (Pa.Super.2003).

2. Generally, the filing of preliminary objections is not the proper way to challenge the statute of limitations. *See Gustine Uniontown Associates, LTD. V. Anthony Crane Rental, Inc. et al*, 577 Pa. 14, 842 A.2d 334 (2004) (indicating that statute of limitations is a defense to be raised in answer). However, Appellants never alleged that Appellee erred in raising the matter *sub judice* by way of preliminary objections, and, therefore, any challenge thereto has been waived. *See* Pa.R.A.P. 302(a).

followed on March 26, 2003.[3] On April 30, 2003, the sheriff submitted a return indicating that the sheriff attempted service of the February 24, 2003 writ on March 4, 2003, but that Appellee had moved. The trial court filed an opinion on June 30, 2003. In its opinion, citing to this Court's decision in *Parr v. Roman*, 822 A.2d 78 (Pa.Super.2003), the trial court indicated that the Supreme Court's opinion in *Witherspoon* is not binding authority and does not support the trial court's March 12, 2003 order. However, the trial court indicated that it believed Appellants did not act in good faith and stalled the legal machinery by failing to serve Appellee properly.

¶ 4 As Appellants indicate in their first issue, the trial court dismissed the complaint in this case on the basis of *Witherspoon*. We conclude that this was error. In *Witherspoon*, two justices reviewed prior case law and concluded that a writ must be reinstated "immediately and continually" after the statute of limitations has expired in order to achieve good service. According to the two justices, allowing a writ to expire will, in effect, bring the statute of limitations into account, thereby barring the lawsuit. The lead opinion in *Witherspoon* purported to change Pennsylvania law from a "good faith effort" to serve defendants to a new standard, which would require that "the process must be immediately and continually reissued until service is made" to toll the applicable period of limitations. However, the language in *Witherspoon* purporting to make a drastic change in Pennsylvania was not supported by a majority of the Pennsylvania Supreme Court, and, therefore, *Witherspoon* is a plurality opinion. This Court has specifically declined to follow the dictates of *Witherspoon*, concluding that the "good faith effort" analysis enunciated in *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), and its progeny, is still good law. *See Sheets v. Liberty Homes, Inc.*, 823 A.2d 1016 (Pa.Super.2003); *Ramsay v. Pierre*, 822 A.2d 85 (Pa.Super.2003); *Parr v. Roman*, 822 A.2d 78 (Pa.Super.2003).[4] "Therefore, the law remains that plaintiffs need only make a good faith effort to serve defendants, which must be determined by the court using its sound discretion on a case-by-case basis." *Parr*, 822 A.2d at 80–81 (citation omitted). As such, we conclude the trial court erred in its March 12, 2003 order when it relied exclusively on the analysis set forth in *Witherspoon* in striking Appellants' complaint.

¶ 5 In their final claims, Appellants request that we remand this case so that the trial court may hold a hearing and apply controlling law to determine whether Appellants made a good faith effort to serve Appellee. In *Parr, supra*, this Court determined that, where the trial court misapplies *Witherspoon* and fails to consider whether the plaintiff made a "good faith effort," it is proper to remand for an evidentiary hearing. This is particularly so where the plaintiff claimed he/she made a good faith effort and sets forth allegations supporting the claim. *See Parr, supra*.

¶ 6 Here, Appellants averred in their answer to Appellee's preliminary objections and in their appellate brief that they acted in good faith in attempting to locate and serve Appellee. Specifically, they averred that, *inter alia*, they filed a praecipe for writ of summons approximately two months before the expiration of the statute of limitations and attempted to

---

**3.** The trial court did not order Appellants to file a Pa.R.A.P. 1925(b) statement, and no such statement was filed.

**4.** We note that a majority of the Supreme Court has never relied on *Witherspoon* or its analysis.

have the sheriff serve the writ on Appellee at her last known address. The sheriff attempted service on July 12, 2002, but was told by Appellee's ex-boyfriend that Appellee no longer resided at the address. As soon as the sheriff made this information known to Appellants on August 29, 2002, Appellants attempted to locate Appellant, but to no avail. Appellants explained that they did not find Appellee listed in the telephone book, they could not locate her through an internet search, she did not own property, and there was no driver's license information available for Appellee. Appellants contacted Appellee's mother, but was told Appellee was not residing at that location. There was no police report relating to the incident in question, and, although Appellants believed Appellee's insurance company was "Farmers," they did not initially know which "Farmers" insurance company was the correct company. Appellants contacted various "Farmers" insurance companies, but they were told that Appellee was not their insured. It was not until Appellants' counsel spoke to Appellee's counsel on an unrelated matter that he learned counsel represented Appellee and learned the name of Appellee's insurance company, "Farmers New Century Insurance Company." Appellants' counsel provided Appellee's counsel with a copy of the complaint, and in response, Appellee's counsel filed preliminary objections.

¶ 7 Based on the aforementioned, and particularly in light of the fact the trial court misapplied the law in this case, we find it necessary to reverse and remand so that the trial court may hold a hearing and more fully explore whether Appellants made a good faith effort to serve Appellee in the case *sub judice.*

¶ 8 Reversed; Remanded; Jurisdiction Relinquished.

¶ 9 CAVANAUGH, J. files a dissenting opinion.

## DISSENTING OPINION BY CAVANAUGH, J.:

¶ 1 I respectfully dissent. The majority remands to the trial court to conduct an evidentiary hearing to determine whether appellants made a "good faith effort" in their attempts at service of process, concluding that "the trial court erred in its March 12, 2003 order when it relied exclusively on the analysis set forth in *Witherspoon* in striking Appellants' complaint." However, it is clear to me that the trial court did not rely exclusively on *Witherspoon.* Indeed, in its opinion in support of its order sustaining appellee's preliminary objections, the trial court specifically stated that "*Witherspoon* is not controlling authority[.]" Citing to this court's majority decision in *Parr v. Roman,* 822 A.2d 78 (Pa.Super.2003), and the applicable "good faith effort" rule set forth in *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976), the trial court found appellants' efforts to effectuate service of process to be deficient and characterized their conduct as impermissible stalling.

¶ 2 Every averment of fact that appellants now purport to raise as evidence of their good faith effort to timely serve process was included in their brief in opposition to appellee's preliminary objections which the court considered. Clearly and correctly, in my view, the court determined that appellants' attempts did not amount to a good faith effort. Thus, I disagree with the majority's determination requiring the trial court to conduct a hearing on the issue. I cannot agree with a disposition which requires the pointless and formulistic repetition of judicial consideration of undisputed facts, the outcome of which is undoubtedly a foregone conclusion.

¶ 3 Further, I would note that my dissent in this case is grounded on a slightly different rationale than my dissent in *Parr v. Roman, supra.* In *Parr,* I believed that

appellants had waived their appellate claim seeking to present evidence of good faith effort to the court, since they never sought a hearing below. *See id.* 822 A.2d at 83 (Cavanaugh, J. dissenting) and Pa.R.A.P. 302 (issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Here, I believe appellants have similarly waived their claim.[5] I would not elect to find waiver, however, but would reach the merits and would affirm on that basis. I dissent because the trial court, in my opinion, carefully and properly considered all of the factual averments contained in the pleadings as true and determined that a good faith effort was not shown. I fail to see why a hearing is necessary to establish undisputed facts which the trial court has already considered and rejected as failing to support the particular legal conclusion which appellants continue to erroneously espouse.[6]

¶ 4 Thus, I respectfully dissent. I would affirm the order which sustained the preliminary objections and dismissed the complaint.

5. Appellants filed an untimely, post-appeal petition for reconsideration with the trial court of its order sustaining appellee's preliminary objections and, therein, requested the court to "open the case in accordance with *Parr v. Roman.*" The court properly did not act on this petition as it was without authority to do so. *See* 42 Pa.C.S.A § 5505; *Valley Forge Center v. Rib–It/K.P., Inc.,* 693 A.2d 242 (Pa.Super.1997).

6. I must note that the court's order sustaining the preliminary objections was entered on March 12, 2003. The notice of appeal was filed March 26, 2003. *Parr v. Roman* was decided on April 14, 2003. Obviously, the trial court was unable to consider this court's decision in *Parr* when it decided the preliminary objections. However, the trial court's opinion was filed in June of 2003. Therein,

the trial court supported its decision by a stated consideration of the required good faith effort factors and citation to *Parr.* I would conclude that appellants' bald allegations that the court engaged in a *post hoc* outcome-dependent determination of the case to "unilaterally" find a lack of good faith effort and that the court fashioned "its opinion merely to support its Order of Court" to be ill founded, particularly given appellants' documented failure to even attempt to reissue the writ until after appellee had filed her preliminary objections. As the majority aptly explains, the docket does not reflect that appellee has ever been served with a writ of summons or a complaint. Surely appellants must be possessed of appellee's whereabouts by now.