

C.P. of Allegheny County, no. AR04-002023.

*Evan E. Lloyd,* for plaintiff.
*David Harouse,* for defendants.

WETTICK JR., *A.J.,* May 14, 2007—Defendant's motion for judgment on the pleadings seeking dismissal of plaintiff's complaint on the ground that plaintiff's claims are barred by the statute of limitations is the subject of this opinion and order of court.[1]

This is a personal injury claim arising out of a September 18, 2003 automobile accident. The lawsuit was instituted through a complaint filed on April 8, 2004. The sheriff's return stated that defendant was not found. On December 17, 2004, plaintiff reinstated her complaint and the sheriff attempted service. The sheriff could not make service.

Plaintiff reinstated the complaint on October 27, 2006. Defendant was served on November 1, 2006.

Defendant seeks judgment on the pleadings on the ground that there was a 22-month period in which plaintiff took no steps to effect service.

It is not claimed that plaintiff failed to make a good-faith effort to serve defendant at the time the complaint was filed or at the time the complaint was initially reinstated. The issue raised in this case is whether the good-faith effort to effectuate notice of the commencement of the action in December 2004 tolled the limitations period for an additional two years, or whether plaintiff's claims are barred by the statute of limitations because of plaintiff's failure to continuously seek to effect service of the complaint.

---

1. Nancy Tunic died prior to the institution of this suit. The motion for judgment on the pleadings is filed only by Barry Tunic.

The Pennsylvania Supreme Court addressed this issue in *Witherspoon v. City of Philadelphia,* 564 Pa. 388, 768 A.2d 1079 (2001). The opinion of Justice Zappala, announcing the judgment of the court, described the development of the law.

Prior to *Lamp v Heyman,* 469 Pa. 465, 366 A.2d 882 (1976), the filing of a complaint or writ within the statute of limitations tolled the statute of limitations for a period of time equivalent to the statute of limitations applicable to the cause of action. The issuance of a writ or reinstatement of a complaint kept the action alive for another equivalent period regardless of whether service was even attempted. *Witherspoon,* 768 A.2d at 1082. Under *Lamp* and its progeny, a single good-faith effort to effect service was required to keep the action alive for another equivalent period. *Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 594, 511 A.2d 757, 759 (1986).

In *Witherspoon,* the accident occurred on September 17, 1994. The lawsuit was commenced by the filing of a writ on September 12, 1996. Attempts to effect service within 30 days were not successful. A complaint was filed on May 7, 1997 and service was made on June 3, 1997. In his opinion, Justice Zappala opined that Pennsylvania case law should reject the equivalent period doctrine. Instead, *Lamp* should be extended to require that process be immediately and continually reissued until service is made. Only Chief Justice Flaherty joined in this opinion. *Witherspoon,* 768 A.2d at 1083-84.

In a dissenting opinion, Justice Newman stated that she could not subscribe to the abolition of the equivalent period doctrine. She believed the court should hold that a correct reading of *Lamp* requires only that a plaintiff

attempt in good faith to serve the particular process issued within the limitations period and that, as long as the plaintiff has acted in good faith by complying with the rules of service for process, the plaintiff should be protected by the equivalent period doctrine, *i.e.,* protection from a limitations defense for a span of time equal to the limitations period that applies to the cause of action. She stated that whereas the equivalent period doctrine provides certainty as to how much time the plaintiff has in which to attempt to locate and properly serve a defendant, under the requirements proposed by Justice Zappala, lower courts would be required to evaluate, on a case-by-case basis, whether a plaintiff's actions to locate and serve the defendant, following an unsuccessful attempt to serve the defendant at the end of the limitations period, were sufficiently immediate. Chief Justice Cappy joined in this dissenting opinion. *Witherspoon,* 768 A.2d at 1087.

Justice Saylor filed a concurring opinion in which Justices Castille and Nigro joined. They agreed with the dissent that Justice Zappala's approach is unduly restrictive.

In summary, prior to *Witherspoon,* under settled Pennsylvania case law, one good-faith attempt to serve process within the limitation period protected the plaintiff from a limitations defense for a span of time equal to the limitations period that applied to the plaintiff's cause of action and any subsequent good-faith effort extended the limitation period for an additional span of time equal to the limitations period that applied to the plaintiff's cause of action. Five of the seven justices rejected the lead opinion's proposed revision of the law requiring process to be immediately and continually reissued until service

is made in order to toll the applicable period of limitations. Consequently, the pre-*Witherspoon* Pennsylvania Supreme Court rulings recognizing the equivalent period doctrine continue to apply.

In *Parr v. Roman,* 822 A.2d 78 (Pa. Super. 2003), the Pennsylvania Superior Court ruled that the trial court erred in granting judgment on the pleadings based on Justice Zappala's opinion in *Witherspoon*. The court stated that five justices rejected the "immediately and continually standard" proposed in Justice Zappala's opinion. *Id.* at 79. The court, therefore, remanded the case to the trial court to determine whether the plaintiff made a good-faith effort to notify defendant of the lawsuit as interpreted in *Farinacci. Id.* at 80.

Subsequent Superior Court opinions have cited *Parr* for the proposition that *Witherspoon* did not change the law of Pennsylvania and that the good-faith effort analysis annunciated in *Lamp v. Heyman* and its progeny is still good law. See *Sardo v. Smith,* 851 A.2d 168, 170 (Pa. Super. 2004), and *Ramsey v. Pierre,* 822 A.2d 85, 91 (Pa. Super. 2003) ("*Witherspoon* serves only to re-validate the present requirement of a good-faith effort to effect service and *Lamp's* continued precedential value").

Defendant contends that the present case is controlled by *Miller v. Klink,* 871 A.2d 331 (Pa. Commw. 2005). However, in footnote 8, the Commonwealth Court recognized that the "immediately and continually" standard was rejected by five justices. Thus, the issue which the Commonwealth Court was addressing is whether the trial court abused its discretion in finding that plaintiff's "single attempt to serve Klink did not constitute a good-faith effort." *Id.* at 335.

For these reasons, I enter the following order of court:

ORDER

On May 14, 2007, it is hereby ordered that the motion for judgment on the pleadings of Barry Tunic is denied.