J-A17034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JAMES FEEHAN AND SUSAN ROSEMAN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| ALLSTATE INSURANCE COMPANY AND J. ROBINSON & SONS, INC., | |
| Appellees | No. 2563 EDA 2013 |

Appeal from the Order entered August 14, 2013
In the Court of Common Pleas of Bucks County
Civil Division at No: 05-8706-16-1

BEFORE: GANTMAN, P.J., PANELLA, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED JUNE 29, 2015**

James Feehan and Susan Roseman (Appellants) commenced a lawsuit against Allstate Insurance Co. (Allstate) and J. Robinson & Sons Inc. (Robinson) in 2005, but failed to serve the complaint until 2012, well after the applicable statutes of limitations ran. Allstate and Robinson filed preliminary objections arguing Appellants' failure to do so required dismissal of the suit under **Lamp v. Heyman**, 366 A.2d 882 (Pa. 1976), and its progeny. The trial court sustained the preliminary objections and dismissed the action with prejudice. We affirm.

On December 12, 2004, fire destroyed Appellants' property. They submitted a claim to Allstate (their insurer), which denied the claim the next

day. Appellants then sued Allstate for breach of contract and bad faith, and Robinson (their insurance broker) for malpractice.[1] Appellants commenced their action by complaint filed on December 7, 2005. Appellants, however, did not properly serve the complaint on Allstate or Robinson. Nonetheless, twenty days later, counsel for Allstate filed a written entry of appearance with a demand for a trial by a jury of twelve. No attorney entered an appearance for Robinson. For the next six years, no docket activity occurred, except in 2008 and 2010, when the county prothonotary mailed Appellants termination notices. To each notice, counsel filed certificates of active status to prevent the trial court from *sua sponte* dismissing the case for lack of activity.

On January 27, 2012, Appellants' counsel filed a praecipe to reinstate the complaint, and a sheriff's deputy served Allstate and Robinson on January 31, 2012. Allstate and Robinson filed preliminary objections seeking dismissal of Appellants' complaint as barred by the statutes of limitations, since Appellants did not serve the complaint until long after the statutes of limitations had expired. The trial court sustained the preliminary objections and dismissed Appellants' complaint with prejudice. This appeal followed.

Appellants raise two issues:

_____

[1] Count one of the complaint is for breach of contract against Allstate, count two is for bad faith against Allstate, and count three is for malpractice against Robinson.

1.  Whether the trial court erred in granting [Allstate and Robinson's] Preliminary Objections based on insufficient service where [Allstate and Robinson] had notice of [Appellants'] Complaint within twenty (20) days from the filing thereof?

2.  Whether the trial court erred in granting [Allstate and Robinson's] Preliminary Objections based on insufficient service where [Allstate and Robinson] have failed to establish prejudice warranting dismissal of [Appellants'] Complaint?

Appellants' Brief at 3.

Whether a statute of limitations bars a cause of action is generally a question of law. ***Devine v. Hutt***, 863 A.2d 1160, 1167 (Pa. Super. 2004). However, we review a trial court's decision to dismiss a case for noncompliance with ***Lamp*** for an abuse of discretion. ***Englert v. Fazio Mech. Servs., Inc.***, 932 A.2d 122, 124 (Pa. Super. 2007) (quoting ***Farinacci v. Beaver County Indus. Dev. Author.,*** 511 A.2d 759 (Pa. 1986)). Whether the plaintiff made good-faith efforts to serve the defendants must be evaluated on a case-by-case basis. ***Id.*** Moreover, the plaintiff has the burden of showing a good-faith attempt to serve. ***See Cahill v. Schults***, 643 A.2d 121, 123 (Pa. Super. 1994).

At the outset, Allstate and Robinson improperly raised statutes of limitations[2] defenses by way of preliminary objections. ***See*** Pa.R.C.P.

_____

[2] The parties characterize Allstate and Robinson's preliminary objections as raising "improper service." However, Allstate and Robinson were properly served, albeit in 2012. Rather, the issue is whether Appellants' failure to serve the complaint timely and properly negates the tolling of the statute of limitations under ***Lamp***. "The existence of a statute of limitation which cuts off a remedy **does not constitute a defect in the 'form of service.'**"
*(Footnote Continued Next Page)*

- 3 -

1030(a) (requiring that affirmative defenses such as the statute of limitations be raised in new matter); *Devine*, 863 A.2d at 1167 ("[A] statute of limitations affirmative defense cannot be raised in preliminary objections in the nature of a demurrer, unless the particular statute of limitations is nonwaivable."). Appellants, however, failed to file preliminary objections to the improper raising of the statutes of limitations in preliminary objections, which waives this procedural error. *Richmond v. McHale*, 35 A.3d 779, 782-83 (Pa. Super. 2012); *DeMary Latrobe Printing & Pub'g Co.*, 762 A.2d 758, 762 (Pa. Super. 2000) (*en banc*); *see also Lamp*, 366 A.2d at 885 (noting plaintiff did not object to defendants' raising of the statute of limitations in preliminary objections). Accordingly, the trial court's scope of review extended to include a determination of whether the affirmative defense of the statute of limitations barred the claims of Appellants' complaint. *DeMary*, 762 A.2d at 762.

The *Lamp* rule was intended to "to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims." *McCreesh v. City of Philadelphia*, 888 A.2d 664, 671 (Pa. 2005) (quoting *Ins. Co. of N. Am. v. Carnahan*, 284 A.2d 728, 729 (Pa. 1971)). It prevents a plaintiff from commencing an action (which tolls the statute of limitations) and stalling the case by not

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

*Devine*, 863 A.2d at 1167 (quoting *Farinacci,* 511 A.2d at 757) (emphasis added in *Devine*).

- 4 -

notifying the defendant through service of original process. *See Lamp*, 366 A.2d at 889. Therefore, a writ of summons or complaint "shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.*

Over the years, our Supreme Court has modified and refined the *Lamp* rule several times. In *Farinacci*, the Court clarified that plaintiffs must demonstrate "a good-faith effort to effectuate notice of commencement of the action." *Farinacci*, 511 A.2d at 759. The Court stated that "[t]he purpose for the [*Lamp*] rule . . . 'is to avoid the situation in which a plaintiff can bring an action, but by not making a *good-faith* effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.'" *Id.* (quoting *Lamp*, 366 A.2d at 889) (emphasis added in *Farinacci*).

Later, in *Witherspoon v. City of Philadelphia*, 768 A.2d 1079, 1084 (Pa. 2001) (Opinion Announcing the Judgment of the Court), a plurality of the Court opined that a strict reading of *Lamp* was necessary. Consequently, the plurality stated that a plaintiff must "immediately and continually" reissue a writ or reinstate a complaint if it could not timely serve process and the statute of limitations had run in the interim. *Id.* However, as we noted in *Parr v. Roman*, 822 A.2d 78 (Pa. Super. 2003), a majority of the justices in *Witherspoon* actually rejected the requirement that a plaintiff must "immediately and continually" reissue an un-served writ to be

entitled to statute-of-limitations tolling. *Id.* at 80-81 (noting that the five justices who wrote or joined the concurring and dissenting opinions rejected the "immediately and continually" reissue standard). Neither this Court nor a majority of the Supreme Court adopted the *Witherspoon* plurality's standard. *See Sardo v. Smith*, 851 A.2d 168, 170 & n.4 (Pa. Super. 2004).

*McCreesh* represents our Supreme Court's latest exposition of *Lamp*. In *McCreesh*, our Supreme Court granted review to clarify what constitutes a good faith effort by a plaintiff to effectuate notice to a defendant of the commencement of an action under *Lamp*. The Court addressed two lines of cases from our intermediate appellate courts interpreting *Lamp*.

> The Superior and Commonwealth Courts have struggled to apply the *Lamp*-*Farinacci* rule, with some panels requiring plaintiffs to comply strictly with the Rules of Civil Procedure related to service of process and local practice in order to satisfy the good[-]faith requirement, *see, e.g., Teamann v. Zafris*, 811 A.2d 52, 63 (Pa. Cmwlth. 2002), and other panels providing a more flexible approach, excusing plaintiffs' initial procedurally defective service where the defendant has actual notice of the commencement of litigation and is not otherwise prejudiced, *see, e.g., Leidich v. Franklin*, 575 A.2d 914 (Pa. Super. 1990). We now adopt the more flexible approach, concluding that it sufficiently protects defendants from defending against stale claims without the draconian action of dismissing claims based on **technical failings** that do not prejudice the defendant.
>
> * * *
>
> In applying *Lamp* and its progeny, the Commonwealth and Superior Courts have formulated inconsistent rules, sometimes dismissing cases due to plaintiffs' failure to comply strictly with the Rules of Civil Procedure and on other occasions reserving the drastic measure of dismissal for only those cases where the defendant has been prejudiced by plaintiff's failure to comply

with the rules. *Compare Teamann*, 811 A.2d 52 (Pa. Cmwlth. 2002) (equating "good faith" with strict compliance with the Rules of Civil Procedure); *Green* [*v. Vinglas*], 635 A.2d 1070, 1073 (Pa. Super. 1993) (same); *Williams* [*v. SEPTA*], 585 A.2d 583 (Pa. Cmwlth. 1991) (same); *Feher* [*v. Altman*], 515 A.2d 317, 319 (Pa. Super. 1986) (same); *with Fulco* [*v. Shaffer*], 686 A.2d 1330 [(Pa. Super. 1996)] (refusing to dismiss claims based on failure to comply with rules where defendant received actual notice and was not prejudiced); *Leidich*, 575 A.2d 914 (Pa. Super. 1990) (same); *Hoeke* [*v. Mercy Hosp.*], 386 A.2d 71 (Pa. Super. 1978) (same); *Big Beaver Falls Area Sch. Dist. v. Big Beaver Falls Area Educ. Assoc.*, 492 A.2d 87 ([Pa. Cmwlth.] 1985) (same); *but see Schriver* [*v. Mazziotti*], 638 A.2d [224, 226 (Pa. Super. 1994)] (holding that *Lamp* requires compliance but allowing exceptions as in *Leidich*).

Upon review of these cases, we conclude that the rigid compliance requirement of the *Teamann* line of cases is incompatible with the plain language of [Pa.R.C.P. No.] 401, the spirit of *Lamp*, and the admonition of Rule 126 to construe liberally the rules of procedure so long as the deviation does not affect the substantial rights of the parties. In *Lamp*, we sought to alleviate the hardships caused by plaintiffs who exploited the rules of civil procedure to make an end run around the statutes of limitations.

Neither our cases nor our rules contemplate punishing a plaintiff for **technical missteps** where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice. Therefore, we embrace the logic of the *Leidich* line of cases, which, applying *Lamp*, would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant.

In setting forth this rule, we are merely re-animating the purpose of *Lamp* and reigning [sic] in the line of cases which have strayed from it. As stated earlier, this Court in *Lamp* attempted to prevent plaintiffs from abusing the liberal rules of civil procedure which had been enacted originally to protect plaintiffs from being thrown out of court despite commencing an action within the applicable limitations period. The cases requiring strict compliance hearken back to these draconian procedures and replace a factual good[-]faith inquiry with an

objective bright line standard of compliance that is wholly inconsistent with the concept of good faith.

**McCreesh**, 888 A.2d at 666, 673-74 (footnotes and parallel citations omitted) (emphases added). In short, per **McCreesh**, a case should not be dismissed under **Lamp** where a) there has been a good-faith effort to gain service, b) there is a technical non-compliance with perfecting service, and c) the defendant(s) received actual notice of original process, unless the defendant(s) suffered prejudice as a result of technical noncompliance with the service rules.

With the above standard in mind, we turn to Appellants' first argument. Appellants undisputedly did not serve the complaint upon Allstate and Robinson until January 27, 2012, the date on which the return of service indicates the sheriff handed a copy of the complaint to the defendants at their places of business. Appellants argue the trial court erred in finding that they made no good-faith effort to provide Allstate and Robinson with notice of the filing of the complaint.

We first affirm the trial court's order as it pertains to Robinson. Counsel's December 27, 2005 entry of appearance was limited to Allstate. Appellants therefore concede no evidence shows that Robinson had notice of the filing of this action until 2012. The trial court did not abuse its discretion in dismissing this action against Robinson.

Regarding Allstate, Appellants argue that Allstate had actual notice of the complaint because its counsel entered a written appearance only 20 days after the complaint was filed. Allstate and Robinson counter that Appellants

did not attempt to serve the complaint properly until six years after filing. We view this issue as whether Appellants satisfied their burden of showing a good-faith attempt to provide service of process upon Allstate. We hold the trial court did not abuse its discretion in concluding otherwise.

As noted above, the **McCreesh** Court held that **Lamp** and the Rules of Civil Procedure do not contemplate "punishing a plaintiff for **technical missteps** where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice," **McCreesh**, 888 A.2d at 674 (emphasis added). The Court did not define "technical missteps" or "technical noncompliance," but **McCreesh**'s facts are illustrative. McCreesh filed a praecipe for a writ of summons within the applicable two-year statute of limitations. **Id.** at 665. He sent the writ to the City of Philadelphia by certified mail. The City acknowledged that it received notice when a receptionist at the City Law Department signed for the package one day before the statute of limitations ran. **Id.** Service by certified mail was not technically proper, as the rules provided for service upon a political subdivision by the sheriff or a competent adult, and by handing a copy to an agent duly authorized by the political subdivision to receive service of process. **Id.** at 667 & nn.5, 6 (quoting, *inter alia*, Pa.R.C.P. No. 400.1). Three months later, McCreesh filed his complaint, requested reissuance of the writ of summons, and properly served both on the City. **Id.** The City filed preliminary objections contesting service of the original writ. McCreesh maintained that the original writ was served in compliance with the rules,

arguing that delivery of the writ by a postal worker constituted service by a competent adult. The Court affirmed the trial court's finding that the City had actual notice of the suit and that Appellant had made a good-faith effort to perfect service. The matter was remanded however, for a factual determination as to any prejudice suffered by the City. Thus, in **McCreesh**, subject to further findings as to prejudice, the rule in **Lamp** was found not to have been violated, since McCreesh, in good-faith, attempted service upon the City, service was only technically noncompliant, and the City had actual notice of the suit. **Cf. Englert**, 932 A.2d at 127 (concluding that notice of possible litigation does not suffice for actual notice under **McCreesh**).

In contrast, here there is no evidence that Allstate received technically noncompliant service, or that Appellants made any good-faith efforts to effect proper service until more than six years passed from the complaint filing. Although Allstate's attorney was evidently aware of the filing of the complaint, nothing in the record indicates Appellants tried to serve the complaint in 2005, or that in doing so, committed a good-faith "technical" misstep to perfect service. In fact, the record is devoid of any explanation as to how Allstate even came into possession of the complaint. Moreover, Appellants never sought discovery or requested a hearing to present evidence of attempts to serve timely the complaint on Allstate. Appellant could not rely upon Allstate's entry of appearance in 2005, since Rule of Civil Procedure 1012(a) expressly provides that an entry of appearance does not

waive the right to waive any defenses. This of course would include a defense based upon improper service. We reject Appellants' argument that we should "presume" their alleged efforts to be sufficient. No such presumption exists, for a plaintiff bears the burden of proving sufficient service. This is not a case where Appellants made a misguided attempt to serve the complaint, or tried to serve the complaint but failed. Rather, on the face of the record, it appears Appellants did nothing to attempt to properly serve Allstate. The trial court did not abuse its discretion in dismissing Appellants' action against Allstate. **See Englert**, **supra** (finding no abuse of discretion to dismiss where appellant took no action once writ was issued to ascertain if service was properly made and instead relied upon customary practice of waiting for word from sheriff's office).

We do not think **McCreesh** is sufficiently elastic to include within technical noncompliance a total lack of diligence to serve original process. Were we to construe **McCreesh** to such an extent the rules relating to service would be relegated to mere surplusage. Nor does Pa.R.C.P. No. 126 (requiring liberal interpretation of the Rules of Civil Procedure unless a party's substantial rights are affected) compel a contrary result. It would be ironic to invoke Rule 126 to excuse Appellants' failure to serve original process, for the purpose of liberally construing the Rules of Civil Procedure is "to secure the just, **speedy** and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.C.P. No. 126 (emphasis added). Appellants' would instead use Rule 126 to countenance delay.

- 11 -

*McCreesh* interpreted *Lamp* liberally to avoid unjust dismissals where plaintiffs only are in technical noncompliance with the Rules of Civil Procedure, but make good-faith efforts to serve defendants with original process. *McCreesh* does not grant parties *carte blanche* to disregard completely the rules regarding service.

In sum, we hold the trial court did not abuse its discretion in concluding that Appellants did not make a good-faith effort to serve Robinson and Allstate with their complaint in 2005. Therefore, the filing of their complaint did not toll the statute of limitations under *Lamp* and its progeny. Because Appellants failed to make a good-faith effort at service, we need not address Appellants' second issue regarding prejudice. Accordingly, we affirm the order sustaining Allstate and Robinson's preliminary objections and dismissing Appellants' action with prejudice.

Order affirmed.

President Judge Gantman and Judge Panella concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/29/2015