511 A.2d 757

**Joseph FARINACCI and Margie Farinacci, Appellants,**

**v.**

**BEAVER COUNTY INDUSTRIAL DEVELOPMENT AUTHORITY, Robert A. Kathary and Associates, Ltd., Franchise Realty Interstate Corporation, Scotford Insurance Services, Center Stage, Inc., and Cinemette Theaters, Inc., Appellees.**

Supreme Court of Pennsylvania.

Argued March 5, 1986.

Decided June 23, 1986.

Larry A. Silverman & Paul W. Roman, Jr., Dickie, McCamey & Chilcote, P.C., Pittsburgh, for appellants.

C. Leon Sherman, Lynette Norton, Tucker, Arensberg, P.C., Pittsburgh, for Beaver County Indus. Authority & Robert A. Kathary, etc.

Louis C. Long, Richard J. Mills, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, for Scotford Ins. Services.

Joseph J. Liberati, Paul T. Grater, Monaca, for Center Stage, Inc.

Timothy D. Appelbe, Paul T. Grater, Pittsburgh, for Cinemette Theaters.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

We granted allocatur in this case to review the application of *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976) to a matter where, on the last day to commence an action for personal injuries, plaintiff filed a praecipe for writ of summons but, through plaintiff's counsel's inadvertence, service of the writ could not be effected within 30 days of its issuance.

Plaintiffs in the original action, appellants herein, seek damages in connection with a slip and fall which allegedly occurred on February 2, 1980. In compliance with the two-year limitation on commencement of actions for personal injury, 42 Pa.C.S.A. § 5524(2), plaintiffs' counsel filed a praecipe for writ of summons with the Prothonotary of Beaver County on February 2, 1982, the last permissible

day under the statute. Plaintiffs' counsel paid the Prothonotary for issuance of the writ and the writ issued the next day. Although plaintiffs' counsel intended to immediately instruct and pay the sheriff for service, he misplaced the file. Eight or nine days later, the file was found and returned to plaintiffs' counsel who then forgot to take necessary steps to effectuate service of the writ. The writ was reissued and the sheriff paid on March 11, 1982, and personal service on all defendants was made within the next two weeks.

Defendants, appellees herein, filed preliminary objections raising the statute of limitations. They argued that filing the praecipe could not toll the statute of limitations where plaintiffs failed to instruct and pay the sheriff for service in accordance with local practice. In response, plaintiffs' counsel filed a brief challenging the propriety of defendants' raising the statute of limitations in preliminary objections, and an affidavit explaining the reason for the delay in paying the sheriff for service.[1] There is no suggestion, of record or otherwise, that plaintiffs contemplated additional evidentiary proceedings prior to disposition of defendants' preliminary objections.[2] The Court of Common Pleas sustained defendants' preliminary objections and dismissed plaintiffs' action. A three judge panel of Superior Court affirmed without opinion. *Farinacci v. Beaver Authority*, 339 Pa.Super. 623, 488 A.2d 1169 (1984).

■■■■ Before reaching the substantive issue regarding application of the rule in *Lamp*, supra, we turn our attention to the procedural irregularities in this matter. Firstly, in this case, the defense of the statute of limitations was not properly raised in preliminary objections, but in new matter. This case does not involve the bar of a nonwaiva-

1. Although they are included in the reproduced record, neither the brief nor affidavit are part of the record on appeal, see Pa.R.A.P. 1921.

2. Although plaintiffs now seek alternative relief in the form of an opportunity to produce additional evidence, their request is in conjunction with an argument that the issue before the court is properly determined at the summary judgment stage, and not on preliminary objections. This argument is without merit.

ble statute of limitations which was properly raised by preliminary objections under Pa.R.C.P. 1017(b)(4).[3] See, Id. 469 Pa. at 470–471, 366 A.2d at 885; *Sayne v. Wylie,* 296 Pa.Super. 134, 137, 442 A.2d 694, 696 (1981); Pa.R.C.P. 1030. Neither does this case fall within the ambit of Pa.R.C.P. 1017(b)(1) which allows attacks on the "former service of a writ of summons" via preliminary objections as the Court of Common Pleas supposed. Existence of a statute of limitation which cuts off a remedy does not constitute a defect in the "form or service of a writ of summons" contemplated by Pa.R.C.P. 1017(b)(1) and subject to attack by preliminary objections.

■ The proper method for challenging the propriety of defendants' preliminary objections raising the statute of limitations is by preliminary objections to defendants' preliminary objections. See, *Stein v. Richardson,* 302 Pa.Super. 124, 139, 448 A.2d 558, 565 (1982); 2 GOODRICH AMRAM 2d, § 1017(b):5, 43–44 (1976). Plaintiffs, however, did not so challenge defendants' preliminary objections. Rather, plaintiffs filed a brief. Although this procedure was erroneous, Common Pleas Court considered the arguments thus presented, and Superior Court expressly approved the lower court's decision. We therefore will review the decision of the Court of Common Pleas.

*Lamp v. Heyman,* supra, changed the prior practice of automatically tolling the statute of limitations after praecipe for writ of summons for the same period of time within which the original action could be brought, by imposing the additional requirement that plaintiffs "[refrain] from a course of conduct which serves to stall in its tracks the legal machinery [they have] just set in motion." *Id.* 469 Pa. at 478, 366 A.2d at 889. "Depending upon the process obtaining in a particular county, this can be accomplished by instructing either the prothonotary or the sheriff to hold the writ, by personally retaining the writ and not delivering

---

3. The practice of raising nonwaivable statute of limitations by preliminary objections was changed by amendment of Pa.R.C.P. 1017(b)(4), effective July 1, 1984.

it to the sheriff for service, *or by neglecting to pay the sheriff his fee."* *Id.*, 469 Pa. at 472, 366 A.2d at 886 [Emphasis supplied]. Plaintiffs are required to comply with local practice to ensure, insofar as they are able, prompt service of process. A fair reading of the opinion of the Court of Common Pleas indicates that the local practice in Beaver County is for the Prothonotary to deliver the writ to the sheriff, and for plaintiffs' counsel to deliver to the sheriff instructions and payment for service before the writ is served. See also, *Weiss v. Equibank,* 313 Pa.Super. 446, 449, 460 A.2d 271, 273 (1983). As stated supra, after plaintiffs' counsel misplaced the file, he neglected for approximately one month to deliver the requisite instructions and payment to the sheriff. Common Pleas Court held that this neglect violated the rule announced in *Lamp.*

*Lamp* requires of plaintiffs a good-faith effort to effectuate notice of commencement of the action. Although this good-faith requirement is not apparent from a reading of the rule itself, we interpret the rule mindful of the context in which it was announced. The purpose for the rule, as stated in *Lamp,* "is to avoid the situation in which a plaintiff can bring an action, but by not making a *good-faith* effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations." 469 Pa. at 478, 366 A.2d at 889 [Emphasis supplied]; see also *Jacob v. New Kensington Y.M.C.A.,* 312 Pa.Super. 533, 459 A.2d 350 (1983).

■ In each case, where noncompliance with *Lamp* is alleged, the court must determine in its sound discretion whether a good-faith effort to effectuate notice was made. Thus, evidentiary determinations are required. Instantly, plaintiffs submitted an affidavit which the court considered in rendering its decision. Defendants agree that this affidavit sets forth all relevant facts and that no further evidentiary proceedings are required. Based on the affidavit, the Court of Common Pleas found that eight or nine days of the delay was attributable to counsel's simply misplacing the

file. Such is not necessarily inconsistent with a finding of good faith. The remaining four weeks' delay is attributable only to counsel's faulty memory. As plaintiffs have failed to provide an explanation for counsel's inadvertence which could substantiate a finding that plaintiffs made a good-faith effort to effectuate service of the writ, we are constrained to hold that the order of the Court of Common Pleas granting defendants' preliminary objections and dismissing plaintiffs' action was not an abuse of discretion, and was therefore proper.

Affirmed.

ZAPPALA, J., files a dissenting opinion in which LARSEN and McDERMOTT, JJ., join.

ZAPPALA, Justice, dissenting.

In *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), we addressed the proper interpretation of Pa.R.Civ.P. 1010 with regard to the initiation of a civil action by praecipe and its effect on tolling the statute of limitations. Our holding in *Lamp* requires that a trial court conduct a hearing to determine whether the plaintiff "unreasonably delayed the prosecution of her action and [whether the] appellees were prejudiced thereby." 469 Pa. 477, 366 A.2d 888. Using our supervisory powers, we then announced that

> ... in actions instituted subsequent to the date of this decision, a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion. (footnote omitted)

469 Pa. at 478, 366 A.2d at 889. A review of the *Lamp* decision clearly evinces an intention to permit a party to demonstrate that his actions have not unreasonably stalled the legal proceedings he initiated. Thus, in each case, the trial court must make a determination of whether the

moving party's failure to serve a writ of summons demonstrates an unreasonable attempt to stall the legal proceedings.

The majority strains to obviate this requirement by determining that the trial court did in fact find that Appellant's counsel acted unreasonably, when in fact, the trial court failed to so hold. Although the trial court did find that Appellant's counsel failed to deliver instructions to the sheriff and pay the cost of service within the original 30–day period, the trial court made no finding of whether this inaction was unreasonable, intended to stall the legal proceedings, and resulted in prejudice to the Appellees. On the contrary, the record reviewed by the trial court does indicate that the Appellees were made aware of the Appellant's claim within one year prior to the commencement of these legal proceedings. Therefore, this is not a case in which a potential party has no notice of a pending claim until the filing of a writ for the purpose of tolling the statute of limitations. The trial court opinion is also noticeably void of any finding of prejudice suffered by any of the Appellees.

Furthermore, both Pa.R.Civ.P. 1010 and the accompanying comments indicate not only that the reissuance of the writ of summons automatically continues tolling the statute of limitations, but also a writ of summons *cannot* be reissued until it initially expires. Thus, the trial court's determination that the reissuance of the expired writ subsequent to the expiration of the original writ did not toll the statute of limitations was clearly erroneous.

Finally, I disagree with the majority's reading of *Lamp* requiring a "good faith" effort. I believe *Lamp* is clear in requiring a party to demonstrate that he acted reasonably, not that he acted in good faith.

LARSEN and McDERMOTT, JJ., join in this dissenting opinion.