J-S76026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MEGAN PEARCE AND DAVID PEARCE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| DENETTE JONES, | |
| Appellee | No. 986 WDA 2014 |

Appeal from the Order Entered May 23, 2014
In the Court of Common Pleas of Jefferson County
Civil Division at No(s): 427-2013-CD

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OLSON, J.

DISSENTING MEMORANDUM BY OLSON, J.          **FILED MARCH 30, 2015**

As I believe that the trial court abused its discretion in finding that the Appellants, Megan and David Pearce, did not act in good faith in providing timely service of their complaint on Appellee, Denette Jones, I must respectfully dissent.

In **Lamp v. Heyman**, 366 A.2d 882 (Pa. 1976), our Supreme Court held that a writ of summons, or a complaint, remains effective to commence an action (and thereby tolls the statute of limitations) "if the plaintiff ... refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." **Id.** at 889.  Thereafter, our High Court held in **Farinacci v. Blair County Ind. Dev. Auth.**, 511 A.2d 757, 759 (Pa. 1986) that "**Lamp** requires of plaintiffs a good-faith effort to effectuate notice of commencement of the action."  In **McCreesh v. City of**

***Philadelphia***, 888 A.2d 664 (Pa. 2005), the Supreme Court clarified what constitutes a good faith effort by a plaintiff to effectuate notice to a defendant of the commencement of an action:

> Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice. Therefore, we embrace the logic of the ***Leidich [v. Franklin***, 575 A.2d 914 (Pa. Super. 1990), *appeal denied*, 584 A.2d 319 (Pa. 1990)] line of cases, which, applying ***Lamp***, would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant.

***Id.*** at 674 (footnote omitted). Based upon my review of the certified record, I must conclude that there is insufficient evidence to find that the Pearces demonstrated an intent to stall the judicial machinery, or that Jones was prejudiced by having the complaint served upon her eight months after it was originally filed. Thus, I believe that it was error for the trial court to grant summary judgment for Jones and dismiss the Pearces' complaint.

In order to assess whether the Pearces acted in good faith, as required by ***McCreesh***, it is important to understand the chronology of events in this case. The parties were involved in an automobile accident on May 30, 2011. Complaint at ¶ 5. On June 8, 2012, a letter from Jones' insurance adjuster was sent to Joshua Janis, Esquire, counsel for the Pearces, acknowledging receipt of the letter of representation and asking for an update on the Pearces' injuries and treatment. Plaintiffs' Response to Motion for Summary

Judgment, Exhibit D. On May 28, 2013, the Pearces' complaint was filed. Approximately three weeks later, Jones' insurance adjuster asked that a copy of the complaint be faxed to her. *Id.*, Exhibit E. On August 22, 2013, the Pearces' counsel emailed a copy of the complaint to the adjuster. *Id.*, Exhibit F. On September 11, 2013, counsel for the Pearces sent a praecipe to reinstate complaint to the Jefferson County Prothonotary, along with a copy of the complaint and a check for the sheriff's fee for service. *Id.*, Exhibit B. The cover letter asked that the complaint be reinstated and that it be forwarded to the Jefferson County sheriff for service upon Jones. Apparently, Pearces' counsel failed to send a check for the fee associated with reinstating the complaint; thus, on or about September 27, 2013, a memo was sent from the Jefferson County prothonotary to counsel for the Pearces advising him that there was an $8.00 fee for the reinstatement. *Id.* On November 8, 2013, a second praecipe to reinstate the complaint (dated November 6, 2013) was filed. *Id.*, Exhibit A. On November 12, 2013, the first request to serve the complaint on Jones was received by the Jefferson County sheriff's office. Defendant's Motion for Summary Judgment, Exhibit B. On December 4, 2013, return of service was filed by the sheriff stating that Jones did not live at the address provided.[1] Return of Service, 12/4/13.

_____

[1] The complaint and the request for service directed to the sheriff stated that Jones lived at 920 East Main Street, Reynoldsville, PA. However, Jones'
*(Footnote Continued Next Page)*

On January 24, 2014, Mr. Janis withdrew as counsel for the Pearces and Lee Ciccarelli, Esquire entered his appearance. Praecipe to Withdraw Appearance, 1/24/14. On that same date, a third praecipe to reinstate complaint was filed. On January 27, 2014, one day shy of eight months after the original complaint was filed, Jones was served with the complaint. Return of Service, 1/28/14.

In assessing this chronology, the trial court and the learned majority focus solely on the facts that the Pearces took no action to serve Jones with the complaint after it was initially filed, and that Jones had no notice of the complaint until a copy was emailed to Jones' insurance adjuster on August 22, 2013, three months after the complaint was filed. Based on these facts alone, the trial court and the majority conclude that the Pearces did not make a good faith effort to serve Jones in a timely manner. I believe that this analysis is inconsistent with the flexible approach adopted in *McCreesh* because it expressly permits dismissal of an action under the statute of limitations where there is no demonstration that the plaintiffs intended to forestall the judicial machinery they set in motion and there is no showing that any failure to comply with the procedural rules prejudiced the defendant.

_____

*(Footnote Continued)*

correct address (at which she was eventually served) was 928 East Main Street.

- 4 -

The record in this case is clear that the Pearces did not ask the sheriff to serve the complaint on Jones until mid-November, 2013. However, I do not believe that that fact alone is sufficient to establish a lack of good faith. Instead, the totality of the circumstances shows that there was no intent on the part of the Pearces to stall the litigation or prevent Jones from getting notice of the action. First, counsel for the Pearces had been in contact with Jones' insurance adjuster a year before the complaint was filed. This communication included a letter from Jones' insurance adjuster dated June 8, 2012. The majority asserts that this letter merely acknowledged the adjuster's awareness that counsel had been retained. The letter, however, was far more revealing. In it, Jones' adjuster requested an update on the Pearces' injuries and treatment status. Moreover, the adjuster knew within a few weeks of the filing of the Pearces' complaint that an action had been commenced, and a copy of the complaint was provided to the adjuster in August, 2013. In reviewing these facts in a light most favorable to the Pearces, as we must do in considering a motion for summary judgment[2], there is evidence to suggest that there were ongoing communications between the Pearces' counsel and Jones' insurance adjuster about the

---

[2] **Thompson v. Ginkel**, 95 A.3d 900, 904 (Pa. Super. 2014) (in deciding a motion for summary judgment, the court must view the record in a light most favorable to the non-moving party and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party).

Pearces' claims.[3] Jones argues that notice on the part of the insurance adjuster is no substitute for notice to the defendant. Under the circumstances presented in this case, I disagree and would note that this Court has previously observed that "we do not read **Lamp**, and the cases interpreting and applying it, to espouse a mechanical approach to the 'good faith' effort rule such that it allows for no exceptions in the face of an explanation and/or conduct which evidences an unintended deviation from the 'notice' requirement." **Leidich**, 575 A.2d at 918.

_____

[3] In their response to the motion for summary judgment, the Pearces stated that their original lawyer, Mr. Janis, withdrew his appearance and severed his employment relationship with Ciccarelli Law Offices. The Pearces' new counsel stated that he "believes and therefore avers that specific conversations took place between Mr. Janis and [the insurance adjuster] regarding the [c]omplaint against her insured. Given [Jones'] request to dismiss [the Pearces'] claims in their entirety, with prejudice, [the Pearces] respectfully request [the trial c]ourt grant a brief discovery period so that [the Pearces] may subpoena [the insurance adjuster's] claim file and secure her deposition so the record may be supplemented." Plaintiffs' Response to Motion for Summary Judgment, p. 3, n. 1. This request was not addressed by the trial court. I believe that it was error to grant summary judgment and dismiss the complaint with prejudice when a brief period of discovery could have uncovered additional genuine issues of material fact; especially in light of Jones' self-serving affidavit attached to her motion for summary judgment in which she states that she had no notice that a lawsuit was commenced until she received the complaint from the sheriff on January 24, 2014. Motion for Summary Judgment, Exhibit C. The insurance adjuster's claim file would be relevant to the issues of whether Jones had, in fact, received notice of the lawsuit before service of the complaint, and whether the parties were attempting to resolve the case without incurring costs associated with on-going litigation. Such evidence would provide additional support that there was no intent to stall the litigation or no prejudice to Jones.

Moreover, counsel for the Pearces intended to have the reinstated complaint served upon Jones in mid-September, 2013 (three weeks after a copy of the complaint was sent to Jones' insurance adjuster) but, due to a failure to transmit the $8.00 filing fee, the request was delayed. Once the fee was transmitted, counsel for the Pearces again attempted to have the sheriff serve Jones with the complaint, but the address for Jones was incorrect. I do not believe that the Pearces should be penalized by having their claims dismissed because their counsel erred, especially when there is no evidence that the delay in service prejudiced Jones.

As clearly stated by our High Court in **McCreesh**, a trial court should dismiss only those claims where the plaintiffs have either, 1) demonstrated their intent to stall the judicial machinery; **or** 2) failed to comply with the Rules of Civil Procedure and, thereby, prejudiced the defendant. Nothing in the record establishes either of these requirements as a matter of law. Accordingly, I would vacate the trial court's order granting summary judgment and reinstate the Pearces' complaint.