J-S49035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ELWOOD SMALL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RENATO DIAZ, M.D., ET AL, | |
| Appellee | No. 2060 MDA 2013 |

Appeal from the Order Entered October 16, 2013
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 2006-14185

BEFORE:  BENDER, P.J.E., ALLEN AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 28, 2015**

Appellant, Elwood Small, appeals *pro se* from an order entering summary judgment on October 16, 2013.  On appeal, Appellant challenges a prior, interlocutory order entered on March 12, 2008 that sustained preliminary objections filed by the Pennsylvania Department of Corrections (DOC).  After careful review, we affirm.

Appellant is an inmate within the state correctional system.  In December 2004 and January 2005, Appellant was confined at the State Correctional Facility at Retreat in Luzerne County.  The defendants in this case are Prison Health Services, Inc. (PHS), Renato Diaz, M.D., Stephen Evans, D.O., and DOC.

The factual background in this case is straightforward.  Appellant alleges that on December 20, 2004, he sustained injuries after he slipped

and fell on a broken ceramic floor tile while working in the kitchen at SCI-Retreat. Appellant claims that DOC's failure to maintain the floor surface caused the deteriorated condition that caused his fall. Appellant also asserts that in January 2005, medical personnel employed by DOC at SCI-Retreat failed to inform him to stop wearing a sling that he was using to treat a shoulder injury sustained in his fall. Because of this, Appellant continued to wear the sling for five weeks, which caused reduced flexion in his shoulder.

The procedural history of this case is slightly more complicated. Appellant commenced this action on December 26, 2006 by filing a praecipe for writs of summons directed to defendants PHS and Drs. Diaz and Evans. On May 1, 2007, Appellant filed his original complaint. Appellant's original complaint named the three previously referenced defendants as well as DOC. Thereafter, Appellant filed amended complaints on June 18, 2007, September 19, 2007, and October 26, 2007.

DOC filed preliminary objections to Appellant's third amended complaint on December 20, 2007. In addition to insufficient specificity and failure to include certificates of merit, DOC's preliminary objections argued that the two-year statute of limitations on negligence actions barred Appellant's claims. *See* 42 Pa.C.S.A. § 5524. In response, Appellant submitted preliminary objections to DOC's preliminary objections maintaining, pursuant to Pa.R.C.P. 1030(a), that DOC should have raised its statute of limitations defense as "new matter" within a responsive pleading

- 2 -

and not within its preliminary objections. *See* Pa.R.Civ.P. 1030(a) ("all affirmative defenses including but not limited to the … statute of limitations … shall be pleaded in a responsive pleading under the heading 'New Matter'"). By letter dated January 4, 2008, the Prothonotary of Luzerne County returned Appellant's preliminary objections unfiled, explaining that such filings must be submitted together with a supporting brief. Letter from Prothonotary, 1/4/08. The Prothonotary's letter further explained that if Appellant sought to file his objections, he needed to return them with a supporting memorandum. *Id.* The record does not reflect that Appellant filed his preliminary objects along with a brief in support. On March 12, 2008, the trial court entered an order that sustained DOC's preliminary objections and dismissed Appellant's claims.[1]

On November 28, 2012, the remaining defendants, PHS and Drs. Diaz and Evans, moved for summary judgment. The trial court granted their motion on October 16, 2013. Thereafter, Appellant filed a notice of appeal on November 15, 2013.

---

[1] The trial court did not order Appellant to file a concise statement of errors complained of on appeal and it issued no opinion setting forth its rationale for sustaining DOC's preliminary objections. Our review of the record, however, reveals that Appellant eventually filed certificates of merit from a chiropractor. In addition, insufficient specificity of pleading (the other basis of DOC's objections) ordinarily is not a dispositive ground for relief but allows a pleader to amend his submission. As such, we read the trial court's order as based on the determination that the two-year statute of limitations applicable to negligence actions barred Appellant's claims.

Appellant alleges on appeal that the trial court erred in sustaining DOC's preliminary objections on statute of limitations grounds. Before we undertake a substantive review of Appellant's claim, we address a procedural irregularity that appears in the record and which Appellant alludes to in his brief. *See* Appellant's Brief at 4 (statute of limitations is an affirmative defense that should have been asserted as new matter rather than by way of preliminary objections).

As stated previously, DOC filed preliminary objections on the strength of its contention that Appellant's claims fell outside the two-year limitations period. Where a litigant asserts the statute of limitations by way of preliminary objections, we have previously observed:

> The existence of a statute of limitation which cuts off a remedy **does not constitute a defect in the "form of service."** *Farinacci v. Beaver County Indus. Development Authority*, 511 A.2d 757 (Pa. 1986) (emphasis added). Thus, an affirmative defense of a statute of limitations is not properly raised in preliminary objections; it is properly raised in new matter. *Id.*; Pa.R.C.P. 1028; 1030. Additionally, a statute of limitations affirmative defense cannot be raised in preliminary objections in the nature of a demurrer, unless the particular statute of limitations is nonwaivable. *Reuben v. O'Brien*, 372, 445 A.2d 801 (Pa. Super. 1982). When a defendant raises a waivable statute of limitations *via* preliminary objections, the proper challenge is to file preliminary objections to strike the defendant's preliminary objections for failure of a pleading to conform to law or rule of court. *Farinacci*, *supra*; Pa.R.C.P. 1028(a)(2).

*Devine v. Hutt*, 863 A.2d 1160, 1167 (Pa. Super. 2004).

This rule is subject to waiver, however. "Where a party erroneously asserts substantive defenses in preliminary objections rather than to raise

these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections." *Richmond v. McHale*, 35 A.3d 779, 782-783 (Pa. Super. 2012), *quoting* **Preiser v. Rosenzweig**, 614 A.2d 303, 305 (Pa. Super. 1992).

In this case, DOC erroneously asserted the statute of limitations in its preliminary objections and Appellant responded by objecting to DOC's filing. The Prothonotary, however, rejected Appellant's submission on grounds that the local rules of court for Luzerne County require that all preliminary objections be accompanied by a brief.  Letter from Prothonotary, 1/4/08; Luz.C.R.P. 1028(c)(1) (requiring comprehensive brief to accompany all preliminary objections).  Rule 239.5 of the Pennsylvania Rules of Civil Procedure directs the courts of common pleas to promulgate local rules governing the manner in which preliminary objections are scheduled, argued, and decided, including whether briefs must be submitted.  Pa.R.C.P. 239.5.  Since the Prothonotary properly rejected Appellant's objections pursuant to local and statewide procedural rules and since Appellant never resubmitted his objections along with a brief, Appellant waived any objection to the form and content of DOC's preliminary objections and the trial court was free to rule on its submission. **Richmond**, **supra**.

We turn now to consider the substance of Appellant's claims. The standard of review we apply when considering an order sustaining preliminary objections is well settled.

> [O]ur standard of review of an order of the trial court overruling or [sustaining] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Richmond*, 35 A.3d at 783.

The statute of limitations for personal injury actions is two-years. 42 Pa.C.S.A. § 5524. Here, Appellant's complaint alleged that he sustained injuries when he tripped and fell on a broken floor tile in the kitchen at SCI-Retreat on December 20, 2004. Appellant also alleged that unidentified medical personnel employed by DOC failed to execute a medical order issued by a prison physician in January 2005. Since Appellant did not file his complaint against DOC until May 1, 2007, his negligence claims against the Department are barred by the applicable statute of limitations.

In his brief, Appellant argues that the discovery rule tolls the limitations period in this case. Specifically, Appellant asserts that it was not until March 7, 2007 that he knew or had reason to know that he sustained an injury.[2] **See** Appellant's Brief at 4; Appellant's Reply Brief at 1. Appellant never raised this issue before the trial court. Hence, Appellant has waived this contention and he is not entitled to relief. Pa.R.A.P. 302(a) (issues not raised before the trial court cannot be raised for the first time on appeal).

Order affirmed. Motion to dismiss appeal filed by Department of Corrections denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2015

_____

[2] Despite this assertion, we note that Appellant filed writs of summons against the original defendants, PHS and Drs. Diaz and Evans, in December 2006.