J-A20043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHARLES P. MCDADE AND KATHLEEN T. MCDADE<br><br>Appellants<br><br>v.<br><br>RICHARD E. MOSES, D.O.; PHILADELPHIA GASTROENTEROLOGY CONSULTANTS, LTD.; PGC ENDOSCOPY CENTER, INC., DAWN S. KEOWN, C.R.N.A.; PENN VALLEY ANESTHESIA ASSOCIATES, LLC.<br><br>Appellee | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br>No. 314 EDA 2015 |

Appeal from the Judgment Entered on February 16, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No.: 120500763

BEFORE:  DONOHUE, J., SHOGAN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:　　　　　　　**FILED OCTOBER 15, 2015**

Charles and Kathleen McDade (collectively "the McDades") appeal the judgment entered on February 16, 2015.  We affirm.

On May 10, 2010, Richard Moses, D.O. ("Dr. Moses") performed a colonoscopy on Charles McDade ("Mr. McDade").  Dawn Keown ("Ms. Keown"), a Certified Registered Nurse Anesthetist, administered anesthesia during the procedure.  Mr. McDade went home after the colonoscopy, but began to experience nausea, vomiting, fever, chills, and uncontrollable shaking.  Mr. McDade went to the emergency room at Jeanes Hospital in Philadelphia, and was admitted to the intensive care unit.  His condition quickly improved, and the hospital discharged Mr. McDade on May 12, 2010.

After his discharge, Mr. McDade experienced severe rectal pain and swelling. On June 14, 2010, a dermatologist referred Mr. McDade to the emergency department at Holy Redeemer Hospital in Philadelphia, where he underwent surgical incision and drainage of a perianal abscess on his right buttock. On June 18, 2010, a staff member from Holy Redeemer informed Mr. McDade that cultures taken from his abscess had tested positive for methicillin-resistant *Staphylococcus aureus* ("MRSA"). ***See*** The McDades' Complaint, 5/10/2010, at 6-7.

The tortured procedural history of this case begins on May 10, 2012, when the McDades filed a complaint alleging medical malpractice on the part of Dr. Moses, Ms. Keown, Philadelphia Gastroenterology Consultants, Ltd. ("Philadelphia Gastroenterology"), PGC Endoscopy Center, Inc. ("PGC"), Penn Valley Anesthesia Associates, LLC ("Penn Valley"), and Jeanes Hospital. On October 2, 2012, the McDades filed an amended complaint. In doing so, the McDades removed Jeanes Hospital as a named defendant in the caption, and deleted from the body of their complaint all specific allegations against Jeanes Hospital. On October 8, 2012, a Philadelphia County deputy sheriff attempted to serve both Ms. Keown and Penn Valley. The sheriff's return of service affidavits, filed with the trial court on November 9, 2012, stated only that both parties were "unknown," and could not be located. ***See*** Return of Service, 11/9/2012, at 1.

On November 5, 2012, the McDades filed a praecipe to reinstate the original complaint, which included Jeanes hospital as a defendant. On

December 5, 2012, the McDades filed a second praecipe to reinstate the original complaint. On January 3, 2013, the McDades filed yet another praecipe to reinstate the original complaint. The McDades did not attempt to serve Ms. Keown with any of these reinstated complaints.

On November 27, 2013, the McDades filed a fourth praecipe to reinstate the complaint. This time, however, the McDades praeciped the prothonotary to reinstate their amended complaint. On December 6, 2013, nineteen months after commencing this litigation, the McDades served Ms. Keown with original process. On January 16, 2014, Ms. Keown filed an answer and new matter to the McDades' complaint. Therein, Ms. Keown averred that the McDades' claims were barred as a matter of law because the McDades failed to make good-faith efforts to effectuate service of process prior to the expiration of the statute of limitations. **See** Keown's Answer and New Matter, 1/16/2014, at 4 (citing **Lamp v. Heyman**, 366 A.2d 882 (Pa. 1976) (holding that the failure to make good-faith efforts to serve a defendant will nullify tolling of the statute of limitations)); **see** 42 Pa.C.S. § 5524 (prescribing a two year statute of limitations for negligence actions).

On February 19, 2014, the McDades filed a motion to reissue/reinstate their original complaint so that they could serve it upon Jeanes Hospital. According to their motion, the McDades' prior counsel in this matter mistakenly believed that Jeanes Hospital had been dismissed as a defendant. As a result, the McDades never served Jeanes Hospital with—and the

hospital did not otherwise receive notice of—the complaint that the McDades had filed nearly two years earlier. On March 26, 2014, the trial court denied the McDades' motion.

On October 15, 2014, Ms. Keown filed a motion for summary judgment. Therein, she asserted that (1) all of the McDades' claims against her were time-barred because the statute of limitations had expired in May 2012, two years after Mr. McDade's colonoscopy; (2) the McDades did not serve her with the complaint until December 2013; (3) the McDades did not make good-faith efforts to effectuate service of the complaint; and (4) she did not otherwise have actual notice of the litigation prior to December 2013.

In response, the McDades argued that (1) they served Ms. Keown within thirty days of the reissuance of the complaint; (2) Ms. Keown waived her challenge to the statute of limitations because she failed to file preliminary objections and she participated in discovery; and (3) Ms. Keown did not suffer prejudice.

On December 18, 2014, the trial court granted Ms. Keown's motion for summary judgment.[1] Specifically, the trial court held that, although the

_____

[1] In their complaint, the McDades alleged that Penn Valley is vicariously liable for Ms. Keown's negligent acts and omissions. Because the McDades' claims against Penn Valley relied exclusively upon the theory of *respondeat superior*, the trial court's entry of judgment in favor of Ms. Keown precluded those claims as well. ***See Scampone v. Highland Park Care Ctr., LLC***, 57 A.3d 582, 598 (Pa. 2012) ("[T]ermination of the claim against the agent extinguishes the derivative [vicarious liability] claim against the principal."). For this reason, the trial court entered an order on January 5, 2015, *(Footnote Continued Next Page)*

McDades had filed their initial complaint within the statute of limitations, they failed to make good-faith efforts to serve it upon Ms. Keown. According to the trial court, the McDades' lack of good-faith nullified tolling of the statute of limitations pursuant to **Lamp**. **See** Order, 12/19/2014, at 2 (unnumbered) (citing **Lamp**, 366 A.2d 882).

On December 31, 2014, the McDades filed a notice of appeal, which this Court docketed at 314 EDA 2015. On that same day, the McDades filed with the trial court a motion to stay the proceedings against the remaining defendants. On January 5, 2015, the trial court denied that motion and ordered the McDades to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on or before January 26, 2015. The McDades did not comply with that order.

Also on January 5, 2015, the three remaining defendants (Dr. Moses, Philadelphia Gastroenterology, and PGC) proceeded to a jury trial. On January 8, 2015, the jury returned a verdict in favor of the remaining defendants. On February 5, 2015, the trial court issued its Pa.R.A.P. 1925(a) opinion, wherein it determined that all of the McDades' appellate claims were waived in light of their failure to file a timely concise statement.

While it is true that an appellant who fails to comply with an order to file a Rule 1925(b) statement waives all of his or her issues on appeal, **see**

**In re L.M.**, 923 A.2d 505, 509 (Pa. Super. 2007), it is also well-established

_____
*(Footnote Continued)*

dismissing Penn Valley from the action with prejudice. The McDades do not challenge that order in this appeal.

- 5 -

that appellate courts—subject to some exceptions that are inapplicable here—only have jurisdiction over appeals taken from final orders. **See** Pa.R.A.P. 341(a); **Commonwealth v. Scarborough**, 64 A.3d 602, 608 (Pa. 2013). A final order is one that disposes of all claims and all parties, or one that is expressly defined as a final order either by statute or by the trial court pursuant to Pa.R.A.P. 341.

The order that the McDades appealed from on December 31, 2014, did not dispose of all of the McDades' claims or all of the parties. Dr. Moses, Philadelphia Gastroenterology, and PGC all remained as defendants following the trial court's entry of summary judgment. Therefore, the trial court's December 18, 2014 order was not an appealable final order, and the appeal docketed at 314 EDA 2015 is interlocutory. **K.H. v. J.R.**, 826 A.2d 863, 869 (Pa. 2003) ("[I]n an action involving multiple defendants, and in the absence of an express determination by the trial court under [Pa.R.A.P.] 341(c), an order granting summary judgment as to one party is treated as appealable as of right only after the disposition of the claims involving the remaining parties.").

On February 5, 2015, the McDades filed a second notice of appeal, which we docketed at 513 EDA 2015. Although not ordered to do so by the trial court, the McDades filed a concise statement of errors complained of on appeal on February 12, 2015. In their concise statement, the McDades set forth two errors. First, the McDades contended that the trial court erred in granting summary judgment in favor of Ms. Keown. Second, the McDades

- 6 -

alleged that the trial court erred in denying their February 19, 2014 motion to reissue/reinstate their original complaint. On April 10, 2015, the trial court issued a second opinion pursuant to Pa.R.A.P. 1925(a). The trial court acknowledged that it failed to recognize in its earlier opinion that the McDades had prematurely filed their first notice of appeal. *See* Trial Court Opinion, 4/10/2015, at 5.[2]

The McDades present two issues for our consideration:

1. Did the [trial court] err in denying [the McDades'] motion to reinstate Jeanes Hospital as a defendant when Jeanes Hospital was never properly dismissed from the complaint, was not a "new" defendant, and removal from the complaint may have been the result of a clerical error or misunderstanding?

2. Did the [trial court] err in granting summary judgment to [Ms. Keown] based on [the McDades'] alleged failure to make a good[-]faith attempt to serve [Ms. Keown] with original service of process when [the McDades] could not locate [Ms. Keown] and [Ms. Keown] fully litigated the matter until the eve of trial?

Brief for Appellant at 1 (minor modifications for clarity).

_____

[2] On April 14, 2015, this Court *sua sponte* quashed the McDades' appeal at 513 EDA 2014, finding it to be "unnecessary and duplicative." *See* Order, 4/14/2015, at 1. Nevertheless, we emphasized that our order did not preclude the McDades from challenging the trial court's denial of their motion for reissuance of the complaint within the appeal at 314 EDA 2015. *Id.* Although the language that we used in our order demonstrates our intent to allow the McDades to present both of their issues within a single appeal, we improvidently quashed the McDades' procedurally compliant appeal, leaving them only with an appeal that our rules of appellate procedure instruct us to quash. *See generally* Pa.R.A.P. 341. Because it would be unjust to subvert the McDades' right to appellate review when we clearly did not intend for our order to have such an effect, we will consider the merits of their claims.

For ease of disposition, we will consider these issues in reverse order. In their second issue, the McDades contend that the trial court erred in granting Ms. Keown's motion for summary judgment. "Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion." *Pappas v. Asbel*, 768 A.2d 1089, 1095 (Pa. 2001) (citation omitted).

> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 895-96 (Pa. 2006) (citations omitted).

It is well settled that service of original process completes the progression of events by which a plaintiff commences an action. *See Lamp*, 366 A.2d 882; *Farinacci v. Beaver Cty. Indus. Dev. Auth.*, 511 A.2d 757 (Pa. 1986). Once a plaintiff files a writ of summons or a complaint, the statute of limitations is tolled only if the plaintiff then makes a good-faith effort to effectuate service of process. *Moses v. T.N.T. Red Star Express*, 725 A.2d 792, 796 (Pa. Super. 1999). "What constitutes a 'good[-]faith'

effort to serve legal process is a matter to be assessed on a case by case basis." ***Id.***; ***Devine v. Hutt***, 863 A.2d 1160, 1168 (Pa. Super. 2004). "[W]here noncompliance with ***Lamp*** is alleged, the court must determine in its sound discretion whether a good-faith effort to effectuate notice was made." ***Farinacci***, 511 A.2d at 759.

In making such a determination, we have explained:

> It is not necessary [that] the plaintiff's conduct be such that it constitutes some bad[-]faith act or overt attempt to delay before the rule of ***Lamp*** will apply. Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in ***Lamp*** to bear. Thus, conduct that is unintentional that works to delay the defendant's notice of the action may constitute a lack of good[-]faith on the part of the plaintiff.

***Devine***, 863 A.2d at 1168 (quoting ***Rosenberg v. Nicholson***, 597 A.2d 145, 148 (Pa. Super. 1991)). "[A]lthough there is no mechanical approach to be applied in determining what constitutes a good[-]faith effort, it is the plaintiff's burden to demonstrate that his efforts were reasonable." ***Bigansky v. Thomas Jefferson Univ. Hosp.***, 658 A.2d 423, 433 (Pa. Super. 1995).

Instantly, the trial court concluded that the McDades did not undertake good-faith efforts to serve Ms. Keown with the complaint prior to the expiration of the statute of limitations. The McDades filed their original complaint on May 10, 2012, which both parties agree was within the statute

of limitations.[3]  Five months later, on October 8, 2012, the McDades made one unsuccessful attempt to serve Ms. Keown.  For the next 423 days, the McDades made no additional efforts to serve Ms. Keown.  They never filed a motion for alternative service pursuant to Pa.R.C.P. 430.[4]  Nor did they, in response to Ms. Keown's motion for summary judgment, explain why they sat idly for nearly fourteen months without attempting service.  Based upon these undisputed facts, the trial court held that the McDades failed to meet their burden to establish that they made good-faith efforts to serve Ms. Keown with notice of the action, and granted Ms. Keown's motion for summary judgment.

_____

[3]    According to Ms. Keown, the statute of limitations began to run on May 10, 2010, the date of Mr. McDade's colonoscopy.  The McDades, on the other hand, argue that the statute of limitations did not begin to run until April 28, 2011, when the McDades allegedly learned that Mr. McDade's MRSA infection was chronic.  ***See generally Fine v. Checcio***, 870 A.2d 850, 859 (Pa. 2005) ("[T]he discovery rule applies to toll the statute of limitations in any case where a party neither knows nor reasonably should have known of his injury and its cause at the time his right to institute suit arises.").  The trial court accepted the McDades' position, but concluded that they failed to make good-faith efforts to serve Ms. Keown before the statute of limitations had run.  Thus, we need not discuss at length which calculation is correct.  We will assume, *arguendo*, that the statute of limitations expired on April 28, 2013.

[4]    In their brief, the McDades argue that "[m]oving for a special order directing the method of service would have been an exercise in futility" because they were unable to locate Ms. Keown.  Brief for the McDades at 16.  We disagree.  Pa.R.C.P. 430 explicitly empowers the trial court to authorize service by publication when a party cannot be found or actively evades service.

In this appeal, the McDades do not challenge the trial court's application of the legal principles set forth in **Lamp** and its progeny. Instead, they argue that the trial court erred in granting Ms. Keown's motion for summary judgment because Ms. Keown actively participated in the litigation before filing her motion. Specifically, the McDades assert that "[i]t was neither just, nor speedy, nor inexpensive for [Ms. Keown] to sit on [her] rights and require [the McDades] to expend time, money, and energy litigating a case against [her] only for [Ms. Keown] to move for summary judgment on the eve [of] trial." Brief for the McDades at 17.

As a preliminary matter, we note that the record belies the McDades' suggestion that they were blindsided "on the eve [of] trial."[5] Ms. Keown first raised the statute of limitations defense in her answer and new matter, which she filed on January 16, 2014.[6] Notwithstanding their assertion that Ms. Keown's delay in moving for summary judgment prejudiced them, the McDades do not describe how the trial court abused its discretion in granting Ms. Keown's motion for summary judgment. Nor do they direct us to any cases in which Pennsylvania courts have held that a defendant must

_____

[5] The McDades apparently use this phrase hyperbolically. Ms. Keown filed her motion for summary judgment on October 15, 2014, after the completion of discovery. The trial was scheduled to commence on January 5, 2015.

[6] The McDades knew of their statute of limitations troubles long before trial. Dr. Moses raised the issue immediately after he joined the litigation in September 2012. Dr. Moses filed preliminary objections and a motion for judgment on the pleadings, and he deposed the deputy sheriff in order to determine the efforts that the sheriff had made to serve the various parties.

challenge a plaintiff's failure to effectuate service within the statute of limitations before discovery is complete. Consequently, this issue is without merit.

In their second issue, the McDades argue that the trial court erred in denying their February 19, 2014 motion to reissue/reinstate the original complaint against Jeanes Hospital.[7] We disagree. Pursuant to the Pennsylvania Rules of Civil Procedure, a plaintiff seeking reissuance or reinstatement of a complaint must file a praecipe with the prothonotary, not a motion with the trial court. Pa.R.C.P. 401. The McDades do not cite any legal authority to support their contention that the trial court erred in denying their motion to reissue/reinstate the original complaint. Nor do they direct us to any rule of civil procedure that endorses the use of motions practice as a substitute for filing a praecipe with the prothonotary.

Almost two years after commencing this litigation, the McDades filed a procedurally deficient motion, which the trial court denied. Even if the trial court had assumed the role of the prothonotary, the statute of limitations had long since lapsed, and the McDades' claims against Jeanes Hospital likely would have suffered the same fate as their claims against Ms. Keown.

Judgment affirmed.

_____

[7] Jeanes Hospital is not a party to this appeal because the McDades, to this day, have not served them. Based upon the certificate of service attached to the McDades' appellate brief, it does not appear that Jeanes Hospital is even aware of this appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/15/2015</u>