J-S27036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHELLE GORBY, TIFFANY BEAVER AND TENNIEAL NORMAN | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : : | |
| ROBERT HOPKINS | : : | No. 1646 WDA 2018 |

Appeal from the Order Entered October 18, 2018
In the Court of Common Pleas of Washington County Civil Division at
No(s):  No. 2017-2433

BEFORE:   OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                **FILED JUNE 7, 2019**

This matter is an appeal filed by plaintiffs Michelle Gorby, Tiffany Beaver, and Tennieal Norman (collectively, Plaintiffs) from an order of the Court of Common Pleas of Washington County (trial court) granting summary judgment in favor of the defendant, Robert Hopkins (Defendant), on the ground that the action was barred by the statute of limitations.  For the reasons set forth below, we affirm.

This personal injury action arose out of a motor vehicle accident that occurred on Interstate 79 in South Strabane Township, Pennsylvania on May 12, 2015, when Defendant's car entered the northbound lanes of the Interstate  from the median emergency vehicle turnaround and a car driven by plaintiff Gorby collided with the rear of Defendant's car.  Plaintiffs Beaver and Norman were passengers in plaintiff Gorby's car.  Following the accident,

_____
*   Retired Senior Judge assigned to the Superior Court.

Plaintiffs, who are West Virginia residents, retained a West Virginia attorney who negotiated with Defendant's insurer concerning their claims for damages from the accident. Plaintiffs did not reach a settlement with Defendant's insurer before the two-year statute of limitations[1] expired.

On May 12, 2017, the last day within the statute of limitations, Plaintiffs commenced this action *pro se* by filing a praecipe for writ of summons, and a writ of summons was issued that day. Plaintiffs, however, did not deliver the writ of summons to the sheriff for service and made no attempt to serve Defendant with the writ or to give Defendant any notice of the writ of summons before August 2017. Plaintiffs' Responses to Requests for Admissions Nos. 2-4. On August 2, 2017, Plaintiffs, represented by Pennsylvania counsel, filed a praecipe to reissue the writ of summons, and on August 14, 2017, over three months after the statute of limitations expired, the sheriff served the writ of summons on Defendant.

On January 18, 2018, Plaintiffs filed their complaint in this action alleging that Defendant was negligent and seeking damages for injuries that they claim that they suffered in the accident. In his answer and new matter, Defendant pled the defense of the statute of limitations. On April 2, 2018, Defendant moved for summary judgment on the ground that the writ of summons was ineffective to timely commence the action because Plaintiffs made no good faith attempt to serve it and that the action was therefore

---

[1] 42 Pa.C.S. § 5524(2).

- 2 -

barred by the statute of limitations. The trial court granted Plaintiffs extensions of time to take discovery on the issues raised by the summary judgment motion, and, before they were required to respond to the motion, Plaintiffs obtained documents from Defendant's insurer's file and took the depositions of Defendant, Defendant's wife, and the insurance adjuster who had negotiated with Plaintiffs' West Virginia counsel.

On October 18, 2018, the trial court entered an opinion and order granting Defendant's motion for summary judgment. The trial court concluded that the evidence was undisputed that Plaintiffs made no effort to serve the writ of summons after it was issued on May 12, 2017 and that there was no evidence that Defendant or his insurer agreed or represented to Plaintiffs that Plaintiffs did not need to serve the writ. Trial Court Opinion at 2, 4-5, 8-9. The trial court held that under *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976), and its progeny, including *McCreesh v. City of Philadelphia*, 888 A.2d 664 (Pa. 2005), the writ of summons was therefore ineffective to commence the action before the statute of limitations expired. *Id.* at 5-9. This timely appeal followed.[2] Our standard of review of the trial court's grant

_____

[2] Although the trial court's order did not address a cross-claim that Defendant pled in his answer and new matter against plaintiff Gorby, this appeal is properly before this Court. The only claims asserted in the cross-claim were that plaintiff Gorby was responsible for the injuries to plaintiffs Beaver and Norman and was liable to Defendant for contribution. The cross-claim thus was contingent on the viability of Plaintiffs' claims in this action and sought no recovery on Defendant's behalf unless Defendant was held liable to plaintiff Beaver or plaintiff Norman. Because the summary judgment order dismissed

of summary judgment is *de novo* and the scope of review is plenary. ***Pyeritz***

***v. Commonwealth***, 32 A.3d 687, 692 (Pa. 2011).

Plaintiffs present the following issues for our review:

1. Did the trial court err in concluding that the Plaintiffs did not comply with the standards set forth in ***McCreesh v. City of Philadelphia***, 888 A.2d 664 (Pa. 2005) in concluding that the "judicial machinery was knowingly delayed" and that the Defendant was prejudiced by the [*sic*] "the lack of any attempt to serve the writ of summons"?

2. Did the trial court err as a matter of law in failing to find that the Defendant (and his insurer) had actual notice of the commencement of litigation against him by the Plaintiffs?

Appellants' Br. at 4. Although Plaintiffs state these as two issues, they are

more properly analyzed as arguments with respect to a single issue: whether

the trial court correctly held, under the undisputed facts before it, that

Plaintiffs' May 12, 2017 praecipe for writ of summons was ineffective to timely

commence their action. Indeed, Plaintiffs discuss both questions in a single,

combined argument section of their brief. Appellants' Br. at 12-23. We,

accordingly, address Plaintiffs' issues as part of our consideration of the single

issue before us, whether the trial court correctly held that the praecipe for writ

of summons was ineffective.

An action may be commenced by filing a praecipe for a writ of summons.

Pa.R.C.P. 1007(1). Ordinarily, therefore, it is the date that the plaintiff files

---

Plaintiffs' complaint with prejudice, it made the cross-claim moot and therefore disposed of all claims and all parties. ***Oliver v. Ball***, 136 A.3d 162, 166 n.2 (Pa. Super. 2016).

the praecipe for the writ of summons that determines whether the action is time-barred, not the date when the defendant is served with the writ. *McCreesh*, 888 A.2d at 671; *Lamp*, 366 A.2d at 886. Our Supreme Court, however, established an exception to that rule in *Lamp*. Under *Lamp* and subsequent Supreme Court decisions applying *Lamp*, a praecipe for a writ of summons is ineffective to commence the action and the action is time-barred if the plaintiff makes no good faith effort to serve the defendant or provide the writ of summons to the defendant within thirty days or, alternatively, if the plaintiff's delay in properly serving the defendant causes prejudice. *McCreesh*, 888 A.2d at 672-74; *Farinacci v. Beaver County Industrial Development Authority*, 511 A.2d 757, 759-60 (Pa. 1986); *Lamp*, 366 A.2d at 888-89.

In *Lamp*, the Supreme Court concluded that "there is too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service." 366 A.2d at 888. The Supreme Court accordingly held that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.* at 889. The Court explained that the purpose of this ruling was "to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period

in excess of that permitted by the statute of limitations." *Id.* The Court further held that in determining whether the plaintiff's conduct stalled the judicial machinery, unless local rule provides that the prothonotary delivers the writ of summons to the sheriff, "the plaintiff shall be responsible for prompt delivery of the writ to the sheriff for service." *Id.*

In *Farinacci* and *McCreesh*, the Supreme Court refined the tests and factors that the courts are to consider in determining whether a praecipe for a writ of summons is ineffective under *Lamp*. In *Farinacci*, the Court held that under *Lamp*, the plaintiff must make a good faith effort to give notice of the commencement of the action to the defendant within thirty days. 511 A.2d at 759. Counsel for the plaintiffs in that case failed to deliver the writ of summons to the sheriff for service within thirty days because he forgot to do so and served the defendants approximately a month and one-half after the statute of limitations expired. *Id.* at 758-59. The Court ruled that the plaintiffs did not make a good faith effort to give the defendants notice of the action and that the action was therefore barred by the statute of limitations, even though the defendants were aware of the plaintiffs' claim before the praecipe for a writ of summons was filed. *Id.* at 759-60.

In *McCreesh*, the Court addressed and clarified what constitutes a good faith effort by the plaintiff to give notice of the action to the defendant under *Lamp* and *Farinacci*. In *McCreesh*, the plaintiff sent the writ of summons to the defendant on the day that it was issued by certified mail, and the defendant received the writ of summons the next day, before the statute of

limitations expired. 888 A.2d at 666. The plaintiff, however, did not serve the defendant in accordance with the Rules of Civil Procedure until several months later, after the statute of limitations expired. *Id.* at 666-67. The Court held that failure to attempt to serve the writ in accordance with the Rules of Civil Procedure did not preclude a finding of good faith effort where the plaintiff had promptly supplied actual notice of the action by sending the writ to the defendant. *Id.* at 674. The Court, accordingly, ruled that where the plaintiff has timely provided the writ to the defendant, delay in properly serving the writ bars the action only where that delay prejudiced the defendant. *Id.*

The trial court here correctly held that Plaintiffs made no good faith effort to serve the writ or give notice of the action after the writ of summons was issued on May 12, 2017 and that this action was therefore barred by the statute of limitations. It was Plaintiffs' burden to demonstrate that they made a good faith effort to serve Defendant or provide him with a copy of the writ. ***Englert v. Fazio Mechanical Services, Inc.***, 932 A.2d 122, 125 (Pa. Super. 2007). They did not submit any evidence that could satisfy that burden. Instead, the evidence was undisputed that Plaintiffs made no effort whatsoever to timely serve Defendant or provide a copy of the writ of summons to Defendant or his insurer.

Plaintiffs admitted that they not deliver the writ to the sheriff before August 2017 and that they did not make any attempt to serve Defendant with the writ or notify him of the writ before August 2017. Plaintiffs' Responses

Requests for Admissions Nos. 2-4. Plaintiffs submitted no affidavit of their West Virginia counsel or any other evidence that anyone else attempted to serve the writ before August 2017 or provided a copy of the writ of summons to Defendant or his insurer. Indeed, Plaintiffs admit in their brief that there was no attempt to serve Defendant until August 2017. Appellants' Br. at 5, 10, 20. This absence of any attempt to serve or provide a copy of the writ to Defendant establishes lack of good faith effort to give notice of the action as a matter of law. *Farinacci*, 511 A.2d at 759-60; *Moses v. T.N.T. Red Star Express*, 725 A.2d 792, 796-97 (Pa. Super. 1999).

Plaintiffs do not contend that any disputed issues of fact existed concerning their lack of effort to serve Defendant or provide a copy of the writ of summons to him. Instead, they argue that *McCreesh* does not permit dismissal of an action for lack of effort to provide the writ to the defendant unless prejudice is shown and that the action should not be barred because Defendant and his insurer allegedly had actual notice of the suit in May 2017. Neither of these arguments has merit.

Contrary to Plaintiffs' contentions, *McCreesh* did not eliminate the requirement that the plaintiff make a good faith effort to provide the writ of summons to the defendant or require any showing of prejudice where no such effort is made. The Supreme Court made clear in *McCreesh* that it was interpreting "what constitutes a good faith effort by a plaintiff to effectuate notice to a defendant of the commencement of an action," not removing that requirement. 888 A.2d at 665. Although the Court stated in *McCreesh* that

- 8 -

claims should be dismissed only "where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant," *id.* at 674, the Court did not hold that complete failure to attempt to provide the writ to the defendant does not constitute an intent to stall the judicial machinery. Rather, the Court held only that lack of compliance with the technical requirements for service of process does not constitute an intent to stall the judicial machinery where the plaintiff has in fact supplied the defendant with actual notice of the action by promptly sending the writ of summons to the defendant. *Id.* Accordingly, it remains the law that inaction by the plaintiff constitutes an "intent to stall the judicial machinery" that warrants dismissal where the plaintiff makes no good faith effort to timely serve the defendant and does not timely provide the writ of summons to the defendant. *Englert*, 932 A.2d at 125-28.

Plaintiffs' other argument, that Defendant had actual notice of this action, is contrary to the record before the trial court. The "actual notice" to which the Supreme Court referred in *McCreesh* is the defendant's receipt of copy of the writ or complaint commencing the action, not mere notice of the possibility of litigation or notice that an action is going to be filed or has likely been filed. *McCreesh*, 888 A.2d at 669, 672 n.17, 674; *Englert*, 932 A.2d at 127. Plaintiffs here showed only that Defendant's insurer was in settlement negotiations with their West Virginia counsel concerning their claims before the statute of limitations expired, that their West Virginia counsel told Defendant's insurer on May 9, 2017 that he was going to file a writ of

summons, that the insurer told Defendant on May 12, 2017 that a writ or complaint might be served, and that the settlement negotiations did not terminate until January 2018. Richardson Dep. at 12-16, 26-27, 33-38, 40-43, 49-50, 52-53; Erie Insurance File Printout at 21, 24; Erie Insurance Letter to Defendant, 5/12/17. Those facts do not show that Defendant or his insurer knew in May or June 2017 that this action had in fact been filed, let alone show that Defendant or his insurer received a copy of the writ of summons before it was belatedly served in August 2017. To the contrary, the insurance adjuster testified that he did not receive any copy of the writ until it was served on Defendant and that he did not know before service of the writ that the action had been filed. Richardson Dep. at 52.

Because the undisputed evidence established that Plaintiffs made no good faith effort to give Defendant timely notice of this action after it was filed, the trial court correctly ruled that Plaintiffs' May 12, 2017 praecipe for a writ of summons was ineffective to commence this action and that this action was barred by the statute of limitations. We therefore affirm the trial court's grant of summary judgment in Defendant's favor.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/7/2019